[Civil No. 620. Filed February 23, 1898.]

[52 Pac. 357.]

## J. F. DAGGS, Plaintiff and Appellant, v. J. H. HOSKINS, JR., et al., Defendants and Appellees.

1. COURTS—JURISDICTION—CHANGE OF VENUE—CALLING IN JUDGE TO TRY CASE—POWER TO CALL IN SECOND JUDGE—LAWS 1891, ACT No. 40, SECS. 1, 2, CONSTRUED.—The presiding judge of the district does not lose jurisdiction of a case by entering an order, upon a motion for change of venue based upon an affidavit of bias and prejudice granting the motion, and in accordance with section 2 of act No. 40, *supra,* calling in another judge, who has consented to hear the cause at the original place of trial, so as to prevent him, upon inability of such judge to try the case on account of illness, to reassign the case to a third judge, consenting to try the same at said place.

2. JUDGMENT—FINDINGS OF FACT—GENERAL FINDINGS—LAWS 1897, ACT No. 22, SEC. 1, CONSTRUED.—Under the statute, *supra,* providing that "the facts found and the conclusions of law shall be separately stated," and not requiring that the findings shall be special, a general finding of the issues in favor of the defendants is sufficient to sustain a judgment of dismissal.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Coconino. Owen T. Rouse, Judge. Affirmed.

The facts are stated in the opinion.

George W. Glowner, and J. E. Jones, for Appellant.

If an order be made changing the venue of a cause, the original court immediately loses jurisdiction of the cause;

and since Judge Hawkins lost jurisdiction by making the order for the change of venue, any judge taking his place had no jurisdiction in the county of Coconino.

"When a change of venue is directed, . . . the court or judge shall send a cause to the most convenient county in the adjoining district." Act 1891, No. 40, p. 40. This is mandatory; and after ordering that the change of venue be granted the court had no jurisdiction to say that the case be tried in the county of Coconino, the county from which the change had been granted. *Flagley* v. *Hubbard,* 22 Cal. 37; *Hatch* v. *Galvin,* 50 Cal. 443.

The decision of a court is the findings of fact and the conclusions of law, which shall be separately stated.

The judgment is founded upon the decision, upon which it stands or falls. Without them the judgment falls. There being no decision in this case, the judgment cannot stand.

"The facts found and the conclusions of law shall be separately stated; judgment upon the decision shall be entered accordingly." Laws 1897, p. 60, Act No. 22. This act is mandatory. It therefore follows that a cause having been tried by the court without a decision a judgment cannot stand. The intention of the act is, that the decision of the court upon the facts shall form the basis of the judgment in like manner as the verdict of a jury. *Russell* v. *Armadon,* 2 Cal. 305.

Edward M. Doe, for Appellees.

The appellant objects that there were no separate findings of fact and conclusions of law, as required by our statute. This is true; and although under well-settled rules of statutory construction the requirement would seem to be directory, yet the supreme court of California has repeatedly held it to be mandatory. It does not appear, however, from the record that the appellant requested separate findings of fact and conclusions of law, and in view of the presumption which always prevails in favor of the judgment, it should be presumed in this court that the appellant waived the separate findings in the court below. *Lee Chuck* v. *Wo Chong & Co.,* 91 Cal. 592, 28 Pac. 44; *Mulcahy* v. *Glazier,* 51 Cal. 627; *Campbell* v. *Coburn,* 77 Cal. 37, 18 Pac. 860.

SLOAN, J.—The only assignments of error made by counsel for appellant in his brief which are sufficiently definite to

be considered are: 1. That the judge who presided at the trial below had no jurisdiction to sit therein, or make any order in the disposition thereof; and 2. The judgment is invalid because the trial court failed to file findings of fact and conclusions of law. The record shows that, after issues had been joined in the court below, a motion for a change of venue, based upon the prejudice of the presiding judge, was filed by the appellant. Thereupon the Honorable J. J. Hawkins, presiding judge, made and entered an order transferring the cause to the Honorable J. D. Bethune for trial. The latter, being unable to try the case on account of illness, made and entered an order transferring the cause to the Honorable Owen T. Rouse for trial. A similar order was made and entered by the presiding judge of the district. The first order made transferring the cause reads as follows: "Motion in the above cause to change venue having been heretofore taken under advisement, the court this day renders his decision therein, ordering that the motion be granted, and that, Judge J. D. Bethune having consented to hear the above case at Flagstaff, Coconino County, in the near future, it was ordered by the court that said cause be assigned to him at the place last aforesaid for trial." It was contended by counsel for appellant that under this order the district court of Coconino County lost jurisdiction of the cause. Act No. 40 of the Laws of 1891, in section 1 thereof, provides that: "Section 1. Whenever either party to a civil action in any district court of the territory shall make and file an affidavit in the case, stating one or more of the following causes: First: That the judge of said court has been engaged as counsel in the case prior to his appointment as judge, or is otherwise interested in the case; or, second: That said judge is of kin, or related to either party; or, third: That the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge, he cannot obtain a fair and impartial trial; or, fourth: That the said judge is a material witness in the case. In any such case the court, in ·term time, or the judge in vacation, shall change the venue in such action, or call some other judge of the supreme court of the territory to preside in the trial of the case; provided, some other judge of the supreme court will consent to preside in the trial of said cause, and try the same on or before the next

term of court after the date of such order calling him for such purpose." Section 2 provides: "Sec. 2. When a change of venue is directed for any of the causes mentioned in section one of this act, the court or judge shall send the cause to the most convenient county in the adjoining district, unless the parties in said action shall agree to some other county, in which event the cause shall be sent to the county so agreed upon by the parties." To this, in the same section, the proviso is made that "Provided, further, that if any judge of the supreme court shall consent to come to the county where said suit is pending and try said cause on or before the next term of court after the date of the order directing the cause to be tried by him, that no change of venue shall be granted for any of the causes mentioned in the first section of this act, but the case shall thereafter be tried and determined by said supreme judge, who shall have full authority and jurisdiction to hear and determine the same, as fully, to all intents and purposes, as if the case had been originally brought before him." It is plain from the above provisions of the statute that the presiding judge had full authority and jurisdiction to assign the case, in the first instance, to Judge J. D. Bethune, and, upon the inability of the latter to try the case on account of illness, to call in the Honorable Owen T. Rouse, who tried the case; and that the latter had full authority and jurisdiction to try and determine the same.

The assignment that the judgment is invalid by reason of the failure of the trial court to file findings of fact and conclusions of law is based upon the act of the legislature approved March 16, 1897, (No. 22, Acts 1897,) which reads as follows: "Section 1. That in all cases where a trial of an issue of fact is held by the courts of record of the territory, the decision of the court shall be in writing, and filed with the clerk, within thirty days after the trial takes place. In giving the decision, the facts found and the conclusions of law shall be separately stated. Judgment upon the decision shall be entered accordingly." In the judgment rendered by the court, the court found upon the issues joined between the parties in favor of the defendants, and made no other finding. The question therefore is presented as to whether or not a judgment based upon a general finding, under the statute above quoted, is invalid; in other words, are specific

findings of fact and conclusions of law vitally necessary to the validity of the judgment? There is some contrariety of decisions under statutes similar to ours upon this question. Many statutes, however, specifically provide that the court shall make special findings of facts, and under these statutes it has been generally held that a general finding for the plaintiff will not support a judgment in his favor. *Swanstrom* v. *Marvin*, 38 Minn. 359, 37 N. W. 455; *People* v. *Circuit Court Judge*, 34 Mich. 62; *Stansell* v. *Corning*, 21 Mich. 242. A different rule, however, is applied where there is a general finding for the defendant in the action, and a judgment dismissing the complaint. Our statute does not require that the findings of fact shall be special, but only requires that in the decisions of the court findings of fact shall be separately stated from the conclusions of law. We hold that the general finding of the issues in favor of the defendants sufficiently supports the judgment. The judgment will therefore be affirmed.

Street, C. J., Davis, J., and Doan, J., concur.