[Civil No. 726. Filed November 9, 1900.]

[62 Pac. 689.]

## CHARLES K. NEWHALL, Plaintiff and Plaintiff in Error, v. J. N. PORTER, Defendant and Defendant in Error.

1. APPEAL AND ERROR—REVIEW—MOTION FOR NEW TRIAL—NECESSITY FOR—ACT NO. 21, LAWS OF ARIZONA, 1893, CONSTRUED—PUTNAM v. PUTNAM, 3 ARIZ. 182, 24 PAC. 320; GREER v. RICHARDS, 3 ARIZ. 227, 32 PAC. 266; SVEA INS. CO. v. MCFARLAND, ANTE, P. 131, 60 PAC. 936, FOLLOWED.—Where the statute, *supra,* contemplates that errors occurring at the trial shall first be reviewed by the lower court upon motion for a new trial, it must be presumed that the court below would have granted a new trial if the rulings of the trial court in the admission and rejection of evidence had been urged as a ground for a new trial, and had constituted error; and there can be no review of alleged error which might have been good ground for new trial, unless the same shall have been presented to such court by motion for a new trial.

2. SAME — JUDGMENT — FINDINGS — GENERAL — VALIDITY OF JUDGMENT BASED UPON—ACT NO. 22, LAWS OF 1897,. CITED—DAGGS v. HOSKINS, 5 ARIZ. 300, 52 PAC. 357; MCGOWAN v. SULLIVAN, 5 ARIZ. 334, 52 PAC. 986; MAIN v. MAIN, ANTE, P. 149, 60 PAC. 888, FOLLOWED.—A judgment based upon a general finding upon the issues in favor of the defendant is valid under act No. 22, *supra.*

3. APPEAL AND ERROR—VERDICT—EVIDENCE—CONFLICT.—Where it is essential to plaintiff's recovery that he establish a partnership, and the evidence upon this point is meager, conflicting, and far from satisfactory, the trial court was justified in finding for the defendant upon the issue, and such finding will not be disturbed on appeal.

WRIT OF ERROR from a judgment of the District Court of the Second Judicial District in and for the County of Graham. F. M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

A. B. McMillan, and Thomas Armstrong, Jr., for Plaintiff in Error.

Moorman & McFarland, for Defendant in Error.

Courts will not review errors on appeal that were not made grounds of a motion for a new trial in the court below.

*Wyoming Loan and Trust Co.* v. *Holliday,* 3 Wyo. 386, 24
Pac. 193; *United States* v. *Trabling,* 3 Wyo. 144, 6 Pac. 721;
*Maloy* v. *Berking,* 11 Mont. 138, 27 Pac. 442; *Anderson* v.
*Connecticut Mut. Life Ins. Co.,* 55 Kan. 81, 39 Pac. 1038;
*Haight* v. *Tryon,* 112 Cal. 4, 44 Pac. 318; *Harris* v. *Van De
Venter,* 17 Wash. 489, 50 Pac. 50; *Smith* v. *Smith,* (Cal.)
48 Pac. 730; *Schaum* v. *Watkins,* 6 Kan. App. 923, 50 Pac.
951.

DAVIS, J.—The plaintiff in error, Charles K. Newhall,
claiming to be the surviving partner of a partnership alleged
to have existed between himself and one George Smith until
the latter's decease, and as such to have been in the possession
of partnership assets consisting of a herd of cattle, some
horses, and saddles, brought an action in the court below
against the defendant in error, J. N. Porter, to recover dam-
ages for the alleged wrongful conversion by him of the afore-
said property. Porter, denying the claim of partnership, and
averring the ownership of the property to have been in the
said George Smith individually, based his right to the control
and possession thereof upon the fact of his being the duly
qualified and acting administrator of the estate of the said
decedent. Several defenses were pleaded in the answer, but
the main issue at the trial was upon the question as to the
existence of the partnership relation between Newhall and
Smith. There was no written agreement, and the plaintiff
relied upon evidence of the conduct and declarations of the
parties to show the partnership. The cause was tried before
the court, sitting without a jury, and a judgment was ren-
dered in the defendant's favor. A motion by the plaintiff
for a new trial was denied, and he brings the case here for
review.

Numerous assignments of error are made. Seven of these
are predicated upon rulings of the lower court in the admis-
sion or rejection of evidence. Upon referring to the motion
for a new trial in this case, we find the same to have been
based upon the following grounds: 1. That the judgment
is contrary to the law and the evidence; 2. That the judg-
ment is not supported by the facts proved and admitted at
the trial; 3. That the court's findings of fact are not sus-
tained or warranted by the evidence; and 4. That the con-

clusions of law are not according to the facts, and the findings
of fact are not supported by the evidence. Our statute pro-
vides that "every motion for a new trial shall be in writing
and shall specify generally the grounds upon which the
motion is founded. . . . Upon the general ground that the
court erred in admitting or rejecting evidence, the court shall
review all rulings during the trial upon questions of evidence.
Upon the general ground that the court erred in charging the
jury and in refusing instructions asked, the court shall re-
view all the charge and every portion thereof and the ruling
refusing any instruction asked, and it shall not be necessary
in the motion to set out the particular portion alleged as
erroneous. Upon the general ground that the evidence does
not sustain the judgment or the verdict, the court shall review
the sufficiency of the evidence in the case to maintain the
judgment or verdict, without more particular specification
in the motion." Act No. 21, Laws 1893. The law thus con-
templates that errors occurring at the trial shall first be
reviewed by the lower court upon the motion for a new trial.
In the case before us the rulings of the trial court in the
admission and rejection of evidence were not urged as a
ground for new trial. If they constituted error, we must pre-
sume that the court below would, upon application, have cor-
rected it by granting a new trial. The rule laid down by this
court in *Putnam* v. *Putnam,* 3 Ariz. 182, 24 Pac. 320, that it
will not review any alleged error which might have been good
ground for a new trial in the court below, unless the same
shall have been presented to such court by motion for a new
trial, has been uniformly adhered to. *Greer* v. *Richards,* 3
Ariz. 227, 32 Pac. 266; *Svea Ins. Co.* v. *McFarland, ante,* p.
131, 60 Pac. 936. As was said in the case of *Putnam* v.
*Putnam, supra:* "To hold that this court may consider errors
occurring at the trial which were not urged upon motion
below as grounds for a new trial, and which, therefore,
could not have been considered by the court below,
is inconsistent and illogical." The rulings of the trial
court upon questions of the admissibility of evidence
which are here complained of not having been first
brought to the attention of that court by the motion for a
new trial, any error based thereon will now be disregarded.
The eighth assignment of error relates to a question as to the

sufficiency of the verification of the answer, which appears never to have been presented to the trial court, and cannot, for the first time, be raised here.

It is assigned for error that the lower court failed to make any findings of fact or conclusions of law in this case. The record shows a general finding upon the issues in favor of the defendant, and we have repeatedly held that a judgment based upon such finding is valid under the act of the legislature approved March 16, 1897 (act No. 22, Laws 1897). *Daggs* v. *Hoskins*, 5 Ariz. 300, 52 Pac. 357; *McGowan* v. *Sullivan*, 5 Ariz. 334, 52 Pac. 986; *Main* v. *Main*, ante, p. 149, 60 Pac. 888.

The remaining assignments of error, in effect, raise the question whether the evidence sustains the judgment. It was essential to the plaintiff's recovery in this case that he establish his partnership relation with the said George Smith in the ownership of the disputed property. An examination of the evidence upon this vital point shows it to be meager, conflicting, and far from satisfactory, as supporting the claim of partnership. If the district court held that the plaintiff failed to show the existence of a partnership, as we are led to presume, the evidence affords ample justification for such a finding, and the supreme court will not disturb it. There appearing no error in the record, the judgment of the court below is affirmed.

Street, C. J., and Sloan, J., concur.