[Civil No. 3139.   Filed May 16, 1932.]

[11 Pac. (2d) 613.]

S. F. CHAPMAN and MRS. S. F. CHAPMAN (Sometimes Known as BESSIE CHAPMAN), His Wife, Appellants, v. CARLOTTA LOPEZ SALAZAR, Appellee.

Mr. C. H. Young and Mr. T. E. Scarborough, for 'Appellants.

Mr. Terrence A. Carson for Appellee.

McALISTER, C. J.—This is an appeal by S. F. Chapman and Mrs. S. F. Chapman from a judgment against them in favor of Carlotta Lopez Salazar for damages for injuries received in an automobile accident.

It appears that the plaintiff was in a Ford car driven by Manuel Gomez on November 24, 1928, when a collision occurred between it and a car driven by defendant, S. F. Chapman, which resulted in serious injury to her. The substance of the testimony in her behalf is that she was going south on Sixteenth Street and when she reached McDowell road the driver came to a stop in obedience to the sign there. At the time a car was approaching from the east but it appeared to Gomez that it was a half mile away so he started across McDowell road and as he reached a point south of the center of the intersection the car from the east approached at a speed of forty or fifty miles an hour and attempted to pass through the intersection in front of him but instead of doing so hit his car on the left front, caused it to turn north and fall over on its side near the northwest corner of the intersection, and itself turned on its left side near the southwest corner pointing in the direction in which it was going. The occupants of the Ford car were thrown to the ground, plaintiff so violently that she was seriously

injured. The testimony of defendant, S. F. Chapman, was that he approached the intersection at a speed of twenty or twenty-five miles an hour, and as he was passing through it the Ford car hit his Studebaker in the right side, causing the collision. To avoid an accident, he testified, he swerved his car to the south but the Ford hit it anyway. The jury, by its verdict in favor of plaintiff, placed the blame for the accident on defendant and none of the assignments are based upon the contention that the evidence does not support this conclusion.

In discussing what they perhaps consider the first assignment appellants take up the sufficiency of the complaint to charge and of the evidence to prove negligence but they do not point out any action of the court respecting either as a basis for the discussion nor do they in fact make an assignment of any character involving the proposition. It is merely an argument without any assignment upon which to base it. We are unable to determine what the alleged error was; hence, we pass to the next assignment.

At the close of appellee's case the appellants moved for a directed verdict as to Mrs. S. F. Chapman upon the ground that no negligence was shown as to her, though it was not contended that she should not have been made a party to the action, and the refusal to grant this motion is assigned as error. The ruling was clearly correct, for while Mrs. Chapman was not present when the accident occurred, the evidence shows that the car registered in her name was the community property of herself and husband and that at the time he was using it in furtherance of the community interest. . In such a situation there is no question of the liability of both husband and wife. In *Selaster et ux.* v. *Simmons*, 39 Ariz. 432, 7 Pac. (2d) 258, the husband and wife were sued for damages resulting from an accident between their car, the wife

driving alone, and that of the plaintiff, and the court said:

"Under such circumstances, we think the community, consisting of the husband and wife, was liable for the wife's tort, and that the judgment properly ran against both of them."

Even if ownership of the car had been in Mrs. Chapman alone nothing further than that defendant S. F. Chapman was driving it at the time of the accident was necessary to show *prima facie* that he was her agent and using it in her business. *Lutfy* v. *Lockhart*, 37 Ariz. 488, 295 Pac. 975.

Appellants complain of this instruction:

"If you believe from the evidence in this case that the defendant was operating his car at that time and place at an excessive rate of speed, a rate of speed in excess of thirty-five miles an hour, in approaching said intersection, to wit, forty to fifty miles an hour, then I charge you that he was guilty of negligence in so operating said car upon said highway."

It is contended that this instruction should have informed the jury that if the car came into the intersection, not merely approached it, at an excessive rate of speed, to wit, forty or fifty miles an hour, and that this speed was the proximate cause of the injury, appellant was guilty of negligence. The instruction advised the jury sufficiently at what rate of speed it was necessary appellant approach the intersection in order that his speed might constitute the proximate cause of the injury, and it is clear from it, in connection with the other instructions, that the court referred to the rate of speed at the time of the accident, which necessarily meant upon the intersection or so close to it that it made no difference in his control of his car.

The following excerpt from another instruction is objected to: " . . . And when I say that I mean a preponderance of the evidence—that the defendant did *approach* the intersection at Sixteenth Street and Mc-

Dowell Road driving at a lawful rate of speed. . . . "
A reading in full of the paragraph from which this clause is taken fails to disclose any error whatever. The substance of the paragraph as a whole is that if appellant approached the intersection at a lawful rate of speed and Gomez drove upon it when appellant was so near it that he could not in the exercise of ordinary care prevent a collision, appellant was not guilty of negligence. This was a correct statement of the law and the fact that the court used the word, "approach," instead of "driving into the intersection" was immaterial in view of the instruction as a whole. The meaning was clear.

Proximate cause was defined by the court as follows: "Now, the proximate cause of an injury is that which, in a natural and continuous sequence, unbroken by any new cause, produces an injury, and without which the injury would not have occurred." Appellants object to this definition but do not point out wherein it is wrong. It is a definition frequently given and entirely correct. If they desired a more particular application of the rule to the facts of their case they should have prepared an instruction to that effect and requested the court to give it. Not having done so they are not in a position to object.

The court gave the following instruction:

"You are further instructed that if the driver of the Ford car, Gomez, approached the intersection of said roads and observed the traffic and observed the defendant Chapman approaching the intersection, and if you believe that before entering upon the intersection after having observed the stop sign that he exercised that judgment and care which an ordinarily prudent person would have exercised under similar circumstances in entering upon the intersection, and in good faith believed that he had time to clear the intersection by the time the defendant reached it, he traveling at a lawful rate of speed, to-wit, thirty-five miles an hour or less, then I charge you that the driver,

Gomez, was not guilty of negligence in entering upon the intersection at that time and place."

Appellants contend that this instruction was erroneous because it advised the jury that if Gomez in good faith believed he had time to clear the intersection before defendant, traveling at a lawful rate of speed, entered upon it, he was not guilty of negligence in going thereon. If the language conveying this idea stood alone there would be merit to this contention because it is plain that Gomez' belief that he could get across, notwithstanding he was thoroughly sincere therein, would not have relieved him of the charge of negligence, since his judgment might not have been that of a reasonable person. It will be observed, however, that immediately preceding this language the court told the jury that if he exercised the judgment a reasonable and prudent man would have under the circumstances he was not guilty of negligence. In other words, if he acted as a reasonable and prudent man *and* in good faith believed he had the time to cross he was not guilty of negligence. The fact that the instruction placed upon appellee the additional burden of showing Gomez believed in good faith he had time is not an error of which appellants can complain. If the instruction had been in the alternative, acting as a reasonable and prudent person, *or* in good faith believing, there might be some basis for the assignment.

The evidence of Dr. H. J. Felch discloses that he dressed appellee's injuries immediately following the accident and that he treated her for them from then until the date of the trial, a period of two years, his charges for which were $500. Appellants now contend that there was not sufficient proof that his services were of this value and that there was no showing at all that they were necessary. While the matter should have been gone into more fully, the condition of

appellee's injuries was disclosed as well as the extent of the services he rendered her, and if appellants were not satisfied with this showing they had the right to cross-examine and to object to any question propounded. The record discloses, however, that they did neither; hence, they are not in a position to complain.

The judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.