[No. 26356.   Department Two.   November 30, 1936.]

ARTHUR KING et al., *Appellants*, v. E. C. WILLIAMS et al., *Respondents*.

MAMIE LOCK, *a Minor, by her Guardian Ad Litem, George F. Ward, Appellant*, v. E. C. WILLIAMS et al., *Respondent*.[1]

*Warren Hardy* and *Cameron Sherwood*, for appellants.

MITCHELL, J.—Arthur King and his wife sued E. C. Williams and his wife, and Mamie Lock, a minor, by her guardian *ad litem*, sued E. C. Williams and wife. Both actions arose out of one collision of automobiles.

[1]Reported in 62 P. (2d) 710.

E. C. Williams drove one of the automobiles. It belonged to him and his wife. It was alleged that the collision was caused by his negligent driving. All of the plaintiffs were injured. The two actions were consolidated for the purpose of trial and appeal. There was in each case a verdict against E. C. Williams and against him and his wife as a marital community.

A motion on the part of the defendants for a dismissal of the action against them as a marital community, notwithstanding the verdict, was granted. Judgment against E. C. Williams individually was entered in each action. The plaintiffs have appealed from the denial of judgment against the defendants as a marital community.

Respondent E. C. Williams took dinner on the evening in question with friends, and, on leaving in his automobile, accidentally met two employees of his business firm. They decided to go to a dance, and, on the way, his negligent driving caused the collision out of which the actions arose. Mrs. Williams was not with her husband at the time of the collision.

The sole question in the case is whether the community consisting of Mr. and Mrs. Williams is liable for his negligence in driving the automobile.

There was nothing unusual in his social engagement at the time of the accident with respect to community liability. Normal, legitimate recreational activities on the part of either spouse are not only not harmful, but they promote and advance the general welfare of the community, and the use of the community car for that purpose by one spouse, even if the other one is not present, is using it for the good of the marital community. *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59; *Wicklund v. Allraum,* 122 Wash. 546, 211 Pac. 760; *Lloyd v. Mowery,* 158 Wash. 341, 290 Pac. 710.

Granting the motion for judgment in favor of respondents as a marital community, notwithstanding the verdict, constituted error. The cause is reversed, with directions to enter judgment against E. C. Williams and his wife as a marital community, in addition to judgment against him individually.

MILLARD, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.