RAULON J. MOFFITT et al., Respondents, v. ALEX C. KRUEGER et al., Appellants.[1]

Robert R. Pence and Orville W. Duell, for appellants.

H. Earl Davis, for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries, and for property damage. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff Raulon J. Moffitt in the sum of one thousand dollars, and in favor

[1]Reported in 120 P. (2d) 512.

of Sally C. Crandall in the sum of $5,367.20. The verdict was against all of the defendants, and they moved, with the exception of the defendant Lester J. Marlowe, for a judgment notwithstanding the verdict and, in the alternative, for a new trial. Both motions were overruled, with the exception that the motion for judgment notwithstanding the verdict was sustained as to the defendant Alex C. Krueger in his individual capacity. Judgment was entered in accordance with the verdict, except as to Alex C. Krueger, from which he and Anna Krueger appeal.

The question for decision in this case, as stated in the appellants' brief, is this:

"Did the respondents establish facts sufficient to make a question for the jury as to the liability of or to sustain judgment against the appellant wife individually or the appellant community under the family car doctrine or principles of agency?"

The facts will only be stated in so far as they appear to be relevant or material to the consideration of that question.

The appellants Alex C. Krueger and Anna Krueger were husband and wife, and resided in the city of Spokane. Prior to the accident involved in this case, Mr. Krueger had purchased three automobiles, all of which were kept in a garage at the family home. One of the cars was used by Mr. Krueger in connection with his business; one was used by Mrs. Krueger, and was referred to as her car; the other was used by Mr. Krueger on hunting and fishing trips, and was regarded as a bad weather car.

The accident happened Sunday evening July 28, 1940. On the morning of that day, Mr. Krueger had taken the car that he ordinarily used in connection with his business, and gone to a lake for a day's recreation. The car that Mrs. Krueger ordinarily used was not

available, for reasons not here material. About noon of this day, one Lester J. Marlowe called Mrs. Krueger on the phone and stated that he desired to go to Liberty lake to attend a picnic, and suggested that she pick him up in a car, which she did. Thereafter, they picked up two other couples. Marlowe and Mrs. Krueger rode in the front seat, and the car was driven by Marlowe, with the consent and approval of Mrs. Krueger. The other four rode in the back seat. After they arrived at Liberty lake, each of them consumed more or less beer. After remaining there for a time, they went to two or three other places where they again drank beer. They started to return to Spokane about eight-thirty in the evening, and on the way back the accident happened.

There is no contention that the driver of the car was not negligent, nor as to the amount of the verdict.

For a number of years, Mr. and Mrs. Krueger had not lived the normal life of husband and wife. They, however, resided in the same house, and Mr. Krueger paid all the expenses incident to the maintenance of the house, and continually supported Mrs. Krueger.

Coming now to the question, above stated, the appellants contend: (a) That the car, at the time of the accident, was not being kept or used as a family car; (b) that it was not being used for the benefit of the community; (c) that it was being used by Marlowe with the consent only of Mrs. Krueger and without the consent or knowledge of Mr. Krueger; (d) that the car was not being used for the benefit of Mrs. Krueger or under her direction or control. For the present, we will pass these various contentions and consider what is known as the family car doctrine, which has long existed in this state and has never been departed from.

In the case of *Hart v. Hogan,* 173 Wash. 598, 24 P. (2d) 99, it was said:

"We have not receded from the 'family car' doctrine under which a broad liability is imposed on the hus-

band when his car is operated by his wife for her own pleasure. The doctrine was adopted upon the theory, as stated in *Hutchins v. Haffner*, 63 Colo. 365, 167 Pac. 966, L. R. A. 1918A, 1008, 'that the wife was the husband's agent in carrying out one of the purposes for which the car was purchased and owned.' The rule is the same whether the automobile is operated on the occasion in question by the wife or by some other member of the family. *Plasch v. Fass*, 144 Minn. 44, 174 N. W. 438, 10 A. L. R. 1446."

The cases of *Birch v. Abercrombie*, 74 Wash. 486, 133 Pac. 1020, 50 L. R. A. (N. S.) 59, and *Wicklund v. Allraum*, 122 Wash. 546, 211 Pac. 760, as well as others that might be cited, are to the same effect.

In the case of *King v. Williams*, 188 Wash. 350, 62 P. (2d) 710, it was held that the community was liable for the negligence of the husband when the family car was used by him in a social engagement in taking friends to a dance, although the wife was not present, for the reason that legitimate recreational activities on the part of the other spouse are not harmful, but promote and advance the general welfare of the community. It was there said:

"There was nothing unusual in his social engagement at the time of the accident with respect to community liability. Normal, legitimate recreational activities on the part of either spouse are not only not harmful, but they promote and advance the general welfare of the community, and the use of the community car for that purpose by one spouse, even if the other one is not present, is using it for the good of the marital community. . . ."

If the act of the husband in using the family car for his recreation causes an accident in the course of that use, the community would be liable for his negligence. It necessarily follows from this that, if the wife was using the car in the same way, the community would likewise be liable for her negligence. The fact that

the parties on this trip became intoxicated by having consumed too much beer would not destroy or set aside the fact that the car was being used for the wife's pleasure at the time the trip was arranged, and continued to be so used.

██ In tort actions where the ownership of an automobile is admitted, there arises a presumption that, at the time of an accident, the vehicle was in the possession of the owner, and that the driver thereof was operating it for such owner. *Van Court v. Lodge Cab Co.*, 198 Wash. 530, 89 P. (2d) 206, and the cases cited in the opinion in that case.

██ Returning now to the particular contentions of the appellants, it may be said that, under the facts of this case, whether the automobile in question was purchased primarily for the use of Mr. Krueger as a pleasure and bad weather car, is not a controlling circumstance, it having been purchased with community funds. On the day in question, the husband using his business car for his pleasure and the car purchased for the use of the wife not being available, Mrs. Krueger had a right to use the car that she did for her pleasure. At the time of the accident, it was being used for the benefit of the community, as above pointed out. While Marlowe was driving the car with the consent and approval of Mrs. Krueger, the car was, nevertheless, under her direction and control, and she was individually liable for the accident.

Our attention is called to Rem. Rev. Stat., § 6892 [P. C. § 1433], which provides that the husband shall have the management and control of community personal property; but this statute should not be construed as limiting the right of Mrs. Krueger, under the facts and circumstances of this particular case, above detailed, to use the car on the day that she did.

It is not necessary here to determine to what extent

the husband may control the use of a vehicle purchased and used for business purposes, as that question is not involved, and we express no opinion thereon.

The cases of *Schnebly v. Bryson,* 158 Wash. 250, 290 Pac. 849, and *Bergman v. State,* 187 Wash. 622, 60 P. (2d) 699, 106 A. L. R. 1007, are not analogous in their facts to the case we are now considering.

The appellants complain of certain instructions given by the court and the refusal to give certain requested instructions. While these are set out in the brief, none of them is argued therein. In view of this situation, we believe that we are justified in disposing of them in a like summary manner. The instructions given are in accord with the theory of the law, as above stated, and the requested instructions are out of harmony with that theory.

The evidence was sufficient to take the case to the jury on the question stated.

The judgment will be affirmed.

ROBINSON, C. J., STEINERT, MILLARD, and DRIVER, JJ., concur.