[No. 36069. En Banc. August 9, 1962.]

THE STATE OF WASHINGTON, *Respondent,* v. ARNOLD GRASSER, *Appellant.**

*S. Dean Arnold,* for appellant.

*Donald W. Moore* and *Laurence B. Ryan,* for respondent.

*Reported in 374 P. (2d) 149.

OTT, J.—Arnold and Elizabeth Grasser are husband and wife. Two of their three sons are under sixteen years of age. On or about June 1, 1960, Elizabeth Grasser left the family home, taking the boys with her, and refused to return. At all times, Arnold had been gainfully employed and had provided a suitable home, with adequate food and clothing for his wife and family.

Elizabeth made no demand upon Arnold for support of herself and the children at the place she had selected to live, nor did she commence an action for divorce or separate maintenance. She applied to the Department of Public Assistance for relief, and was awarded $232.90 a month.

October 27, 1960, an information was filed in Asotin County charging Arnold Grasser with the crime of non-support of his minor children. The defendant entered a plea of not guilty.

A jury was impaneled to try the case. Elizabeth Grasser was sworn as a witness. She testified that she was the wife of the defendant, and that the children born of the marriage were presently residing with her. Defendant's objection to her testifying against him was sustained because RCW 5.60.060 prohibits a wife's being a witness against her husband. Thereupon, the state's motion for a continuance was granted.

December 20, 1960, an amended information was filed, charging, in count 1, that the defendant, Arnold Grasser, since June 1, 1960, had failed to support his minor children, and, in count 2, that, since June 1, 1960, he had refused and neglected to support his wife. The defendant pleaded not guilty to the amended information.

Elizabeth Grasser was again called as a witness and testified, over defendant's objection, that Arnold had refused to support her since she left the family home. In its instructions, the court directed the jury to return a verdict of not guilty as to count 2.

The jury found the defendant guilty of count 1, failure to support the children. Upon the verdict of guilty, the court sentenced the defendant to imprisonment in the county

jail for one year, which sentence the court suspended upon condition that (1), commencing June 1, 1961, the defendant pay into the registry of the court $75 a month until further order, and (2) that the defendant report monthly to the sheriff of Asotin County.

■ The defendant has appealed, contending that the court erred in permitting his wife to testify against him.

RCW 5.60.060 provides in part:

"The following persons shall not be examined as witnesses:

"(1) A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; . . . But this exception shall not apply . . . to a criminal action or proceeding for a crime committed by one against the other. . . ."

Elizabeth Grasser, at the time she testified in this cause, was the wife of the appellant. The statute bars her from being a witness against her husband without his consent, except in a criminal action or proceeding for a crime committed by the husband against her. Does a criminal action against a husband for nonsupport of minor children involve a crime committed against the wife?

In *State v. Kephart,* 56 Wash. 561, 106 Pac. 165 (1910), a husband was accused of the crime of arson for burning a barn belonging to his wife. The wife was called as a witness, and objection was made upon the ground of the statutory prohibition. The trial court permitted her to testify, holding that the property destroyed belonged to her and, therefore, the burning of the barn was a crime against the wife. This court reversed the trial court and held that the exception to the prohibition must involve personal violence against a spouse, stating [p. 564]:

" . . . If there is any reason for the rule except in the case of *personal violence,* it must exist in all cases; for the reason underlying it rests, not upon the character of the case, *but upon the relation of the parties.* . . ." (Italics ours.)

In *State v. Clark,* 26 Wn. (2d) 160, 168, 173 P. (2d) 189 (1946), we said:

"The statute means just what it says. No spouse shall be examined as a witness for or against the other spouse without the consent of such spouse. [Citing cases.]"

When the state elects to prosecute a father for nonsupport of his children, the criminal proceeding thus instituted involves the peace and dignity of the State of Washington because of an alleged violation of a statutory duty. The gravamen of the charge of nonsupport does not include personal violence by the accused; hence, there can be no personal violence involving the spouse of the accused. The evidence in the instant case failed to establish that the crime charged qualified the wife to be a witness against her husband.

For the reasons stated, the judgment is reversed, and the cause remanded with instructions to grant a new trial.

DONWORTH, WEAVER, ROSELLINI, FOSTER, HUNTER, and HAMILTON, JJ., concur.

HILL, J. (concurring specially)—Obviously the legislature should amend RCW 5.60.060 to cover the present situation. The arguments advanced by the Chief Justice for such a change are unanswerable, but they should be directed to the legislature. The statute, as pointed out by the majority, is plain and unequivocal, and it is not within our power to amend it. I, therefore, concur in the result of the majority opinion and would reverse and grant a new trial.

FINLEY, C. J. (dissenting)—RCW 5.60.060 provides that " . . . a husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; . . . But this exception shall not apply . . . to a criminal action or proceeding for a crime committed by one against the other. . . ."

The reason this rule was promulgated, as recognized in *State v. Kephart* (1910), 56 Wash. 561, 106 Pac. 165, was

to preserve the sanctity and harmony of the marital relation. The privilege "spreads its shelter over an existing marriage." *State v. Thorne* (1953), 43 Wn. (2d) 47, 260 P. (2d) 331.

This court has in the past distinguished between a legally existing marital relationship and a marital relationship where only "the shell of the marriage contract" remains. *Goode v. Martinis* (1961), 58 Wn. (2d) 229, 361 P. (2d) 941; *MacKenzie v. Sellner* (1961), 58 Wn. (2d) 101, 361 P. (2d) 165. *Cf. Togliatti v. Robertson* (1948), 29 Wn. (2d) 844, 190 P. (2d) 575. In my opinion, the same approach should be applied in the present case.

Where there is no home or marital relationship because the husband and wife are living apart and the husband has been derelict in his duty to support his dependents, only the shell of a marriage exists, and there is no domestic harmony to protect. The reason for application of the privilege granted by virtue of RCW 5.60.060 is therefore absent. Under these circumstances the wife should be allowed to testify against the husband in a proceeding for nonsupport of minor children.

For these reasons I dissent.