386 P.2d 791

**Ralph Harlan HAYS and Irene Hays, his wife, Appellants,**

**v.**

**Alice RICHARDSON, a widow, Appellee.**

**No. 7149.**

Supreme Court of Arizona.

En Banc.

Nov. 20, 1963.

Rehearing Granted Jan. 21, 1964.

Tognoni, Parsons, Birchett & Gooding, Phoenix, for appellants.

Otto H. Linsenmeyer, and Shelley & Holroyd, Phoenix, for appellee.

JENNINGS, Justice.

The present appeal stems from an automobile accident between appellant Ralph Hays and appellee Alice Richardson. Appellee sued Ralph Hays individually and Ralph and Irene Hays as a marital community for damages arising out of the collision. Judgment was rendered in favor of appellee in the court below.

As a result of the accident the investigating officer filed charges against Ralph Hays in the Municipal Court of the City of Phoenix for driving while under the influence of intoxicating liquor and reckless driving. On cross-examination Hays was asked if he had pleaded guilty to these charges in the Municipal Court. Over objection he was required to answer. The jury subsequently found appellant guilty of gross, willful, and wanton conduct, assessing compensatory and punitive damages in the sums of $25,000 and $15,000 respectively. Judgment was entered against both the husband individually and the community. Appellant Irene Hays' motion to amend the judgment insofar as it constituted an obligation against the community was denied. From the judgment of the lower court and its order denying appellants' motion for a new trial, this appeal is taken.

Appellants urge that the lower court erred in admitting the plea of guilty as an admission against interest. We will not review this alleged error for the reason that appellants did not include the admission of this evidence as a ground in their motion for new trial. Newhall v. Porter, 7 Ariz. 160, 62 P. 689 (1900); Putnam v. Putnam, 3 Ariz. 182, 24 P. 320 (1890). One of the grounds upon which a new trial may be granted is that "the court erred in the admission of evidence." Ariz.R.Civ.P. 59(a), subd. 6, 16 A.R.S. If appellants wanted a new trial because of this alleged error they should have specified in their motion the general ground "that the court erred in admitting evidence." Ariz.R.Civ.P. 59(c), subds. 1, 2.

The final error assigned relates to the entry of the judgment against the marital community. In resolving this issue we must answer two questions: First, was Hays act-

ing in furtherance of community affairs when he committed the tortious act?; second, assuming the first question is answered in the affirmative, can the community be held liable when the husband is found guilty of gross, willful, and wanton rather than ordinary negligent conduct.

Appellants, residents of Flagstaff, Arizona, motored to Phoenix on April 18, 1958, with their four children for the purpose of allowing two of their children, to participate in the Patio Party T.V. show to be conducted at the Desert Inn Motel the next day. The next morning appellant Irene Hays and the children proceeded to the Motel. Appellant husband watched the show and then went to pick up his wife and children. En route the collision occurred.

■■ Appellants contend that in determining whether the act was committed in furtherance of a community purpose, we must inquire into the very act itself and the mere fact the tort was committed while the spouse was on the way to do something for the benefit of the community is not controlling, citing 1 de Funiak, § 182 at p. 526 (1943). This is not the law in Arizona. In negligence cases we will not only inquire into the very act itself but the surrounding circumstances as well to make this determination because rarely does one run a red light or collide with another for the specific purpose of benefiting the community. In Selaster v. Simmons, 39 Ariz. 432, 7 P.2d

258 (1932) this court considered the surrounding circumstances in determining there was a community purpose involved. See also Chapman v. Salazar, 40 Ariz. 215, 11 P.2d 613 (1932). Applying this rule we note that appellants came to Phoenix for one main reason, namely, to permit the children to participate in the T.V. show. When Hays went to pick up the wife and children after the show this was merely one phase of the entire project. We hold therefore that the husband was engaged in a community purpose at the time of the accident.

As to the second question appellants would have us equate gross, willful, and wanton conduct with intentional tortious conduct. In Shaw v. Greer, 67 Ariz. 223, 194 P.2d 430 (1948), a case involving unlawful arrest and imprisonment, the community was absolved from liability. The cases involving intentional tortious conduct are inapplicable because we are here dealing with negligence. Furthermore there are cases where intentional tortious conduct was involved and, nevertheless, the community was held liable. Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773 (1957); McFadden v. Watson, 51 Ariz. 110, 74 P.2d 1181 (1938).

■■ It is undisputed that if one spouse is negligent while furthering a community purpose, the community is liable for damages resulting therefrom. Selaster v. Simmons, supra; Chapman v. Salazar, supra. Appellants have cited no cases supporting their proposition nor is there any logical

reason why the community should be absolved merely because the conduct was found to be gross, willful, and wanton rather than merely negligent. We hold that when the husband is found guilty of gross, willful, and wanton conduct while committing an act in the furtherance of community affairs, the community is liable.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concurring.