509 P.2d 231

**Donald J. RECKART and Margot Reckart, husband and wife, Appellants,**

v.

**AVRA VALLEY AIR, INC., an Arizona corporation, Appellee.**

No. 2 CA–CIV 1290.

Court of Appeals of Arizona, Division 2.

April 25, 1973.

Rehearing Denied May 22, 1973.

Review Denied July 10, 1973.

J. C. Padilla, Tucson, for appellants.

Healy & Beal, P. C. by Robert L. Beal, Tucson, for appellee.

KRUCKER, Judge.

This is an appeal by the defendants below, Donald R. and Margot Reckart, husband and wife, from a judgment rendered against them in the sum of $850, plus costs, in the Superior Court of Pima County. The action was tried to the court sitting without a jury. The trial judge, as requested, made extensive findings of fact and conclusions of law.

Defendant Donald J. Reckart had been a student pilot at two different flying schools. On January 14, 1970, he commenced flying instruction and training at the Avra Valley Air, Inc. flight school. Prior to the airplane accident, which is the subject of this action, defendant had accumulated 12 hours of ground instruction and 41.9 hours of dual flying time at the two previous schools. He accumulated an additional 26.2 hours of flying time, both solo and dual, and had flown both solo and dual cross-country flights to several different Arizona airports on numerous occasions.

On April 23, 1970, the plaintiff, who owned a Cessna 150 aircraft, rented the airplane to the defendant-husband for a cross-country flight to the Yuma International Airport. The plane was rented to defendant at the standard rental rate. Mr. Reckart's purpose was to log additional hours of solo cross-country flight time and to meet a business acquaintance for breakfast at the Yuma airport. He was to return the same day.

Defendant landed the aircraft at Yuma International Airport and during a period of inattentiveness, while he was taxiing the plane toward the Shell Oil sign, the left wing of the airplane struck one of the posts supporting the sign, resulting in damage to the wing of the aircraft. Provisional repairs were made in Yuma and the aircraft was then flown back and returned to plaintiff.

Action was filed against the defendants for the cost of repairing the aircraft. As stated previously, the court awarded plaintiff the cost of the repairs, which represented plaintiff's insurance deductible under its damage coverage.

■ Defendants raise numerous questions for us to decide on appeal. The first question raised is whether the damages to the aircraft are a community obligation. The defendant-husband testified that his only interest in flying was for pleasure purposes so that he could take his family on vacations because flying is faster than train or automobile. He stated he was particularly interested in flying to Mexico and had on one occasion after receiving his private pilot's license, taken his family by plane to Baja, California. Mr. Reckart went to Yuma to further his flying time so that he could obtain a single engine pilot's license,[1] because he planned to put flying to use for family recreational purposes for himself and family on vacations.

■ On a prior motion for summary judgment, Judge Roylston had already granted partial summary judgment as to the nature of the obligation stating that the damages were a community obligation. The trial judge then sustained this position in her findings of fact and conclusions of law. We must agree that the court did not err in finding this to be a community obligation. If the husband is engaged in an activity designed to advance family pleasure, it is certainly a family project and a community obligation. In Hays v. Richardson, 95 Ariz. 64, 386 P.2d 791 (1963), a similar situation took place. The husband had driven his wife and children from Flagstaff to Phoenix to attend a television show. Enroute to picking them up after the show, he was involved in an acci-

1. Reckart obtained his license in Arizona the same year.

dent and community liability was imposed. The court stated:

> "It is undisputed that if one spouse is negligent while furthering a community purpose, the community is liable for damages resulting therefrom. [Citations omitted] 386 P.2d at 792."

The defendants maintain that before the community property can be liable for a spouse's tort, it must appear that at the time of the incident the spouse was engaged in an activity which would financially benefit the community. This is not the law. No pecuniary benefit is necessary. McFadden v. Watson, 51 Ariz. 110, 74 P. 2d 1181 (1938). Recreational activities promote the general welfare of the community and a tort committed by a spouse in pursuance of these activities subjects the community to liability. Moffitt v. Krueger, 11 Wash.2d 658, 120 P.2d 512 (1941); MacKenzie v. Sellner, 58 Wash.2d 101, 361 P.2d 165 (1961). While the community nature of the obligation was not specifically pleaded, the case was tried on that basis and the proof sustained the court's finding and conclusion of law (V) that it was a community obligation. This was also covered in pre-trial motions under the provisions of Rule 12(c) and Rule 56, Rules of Civil Procedure, 16 A.R.S.

■ Defendants next contend that the damages were not properly proved because of plaintiff's failure to specifically prove market value of the airplane before and after it was damaged. This contention is without merit. Where personal property is susceptible of repair, the proper measure of damages is the reasonable cost of repair rather than decrease in market value. Downs v. Shouse, 18 Ariz.App. 225, 501 P.2d 401 (1972); Melvin v. Stevens, 10 Ariz.App. 357, 458 P.2d 977 (1969). Defendants claim that the repairs were made by the flying school in its own repair shop and exceeded the actual cost. The proof, however, shows that the insurance carrier obtained bids for the repairs and that the work done was at the lowest and best bid,

and at the same price as would have been charged to a stranger.

■ The next question raised deals with assumption of risk. It is claimed that an instructor familiar with a student pilot's knowledge and skill, or lack thereof, assumes the risk. A plaintiff does not assume a risk of harm arising from a defendant's conduct unless he knows of the existence of the risk and appreciates its unreasonable character. Chavez v. Pima County, 107 Ariz. 358, 488 P.2d 978 (1971); Restatement of Torts 2d § 496(D) (1965).

■■ Reckart was an advanced student who had made many solo cross-country flights, was an experienced student pilot, and had on numerous occasions flown and was familiar with a Cessna 150 aircraft. A flying school does not assume the risk if the student is properly taught and the accident is not due to lack of skill or teaching and he is sufficiently qualified to do the particular act, which in this case was taxiing on the ground after a solo flight. A case in point is Morton v. Martin Aviation Corp., 205 Tenn. 41, 325 S.W.2d 524, 530 (1959), in which it is stated:

> "If the accident was due to the lack of teaching or training of Morton then of course there would be no liability on his part but if he is properly taught and the accident is not due to the lack of the teaching or the skill on his part and he is sufficiently qualified to fly the plane but negligently injures it, clearly the Corporation does not assume this risk."

The trial court found as a fact that the defendant-husband was negligent in taxiing the aircraft, that the negligence was the direct and proximate cause of the damage, and that there was no assumption of risk by the plaintiff. In fact, the court found that the accident was caused by defendant's inattention and that he did not see the signpost he ran into. Mr. Reckart testified, "Bob, I don't know, I just didn't see it. I just didn't see it until I hit it."

The record clearly shows that Reckart was properly instructed, that plaintiff performed all its duties to him, and that the damage was caused by his negligence.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.