408 P.2d 904

**CLACK–NOMAH FLYING CLUB, Plaintiff and Respondent,**

v.

**STERLING AIRCRAFT, INC., Defendant and Appellant.**

No. 10380.

Supreme Court of Utah.

Dec. 13, 1965.

Jed W. Shields, Hugh C. Garner, Salt Lake City, for appellant.

James E. Faust, Salt Lake City, for respondent.

WADE, Justice:

The defendant Sterling Aircraft, Inc., appeals from a judgment on a jury verdict awarding the Clack-Nomah Flying Club. of Portland, Oregon a judgment of about $7,-400 for the destruction of plaintiff's airplane and other equipment.

About noon on June 3, 1963, R. Al McDonald flew the Mooney light aircraft of plaintiff from Wyoming to the old Salt Lake City airport on his way to Boise, Idaho. There McDonald and the three passengers left the airplane parked at defendant's installation, instructing the caretaker that the airplane would probably be there for a day, and directed the defendant airport caretaker to take care of the plane. McDonald and the three passengers were then driven to the old Terminal Building for lunch, and they did not return to their Mooney aircraft until after the accident.

June 3, 1963, was a gusty, windy day. About 3 p. m. a sudden heavy wind commenced to blow, the gusts of which were estimated at about 95 miles per hour. This Mooney airplane was soon turned over onto its back and destroyed, along with the other equipment.

The defendant contends that the facts merely show that there was a violent wind which caused the accident and that the plaintiff has completely failed to show any negligence which caused or contributed in causing the accident. The trial court took the view that the plaintiff had made a sufficient showing of negligence against the defendant and instructed the jury that the burden of proof was on the plaintiff to prove by a preponderance of the evidence that the defendant was guilty of negligence which proximately caused or contributed in causing the accident, and if the jury so found their verdict should be in favor of the plaintiff and the damages sustained should be determined by it. Under these instructions the jury clearly indicated by their verdict for the plaintiff the defendant's negligence proximately caused the accident.

 This court has consistently held that a bailee for hire is responsible for the value of goods entrusted to him which he fails to return, reasonable wear and tear excepted,[1] and that in such case the burden is on the bailee, defendant here, to show that he is free from negligence in the care of such goods which are placed for hire in his custody. This is the relationship of the parties which the evidence conclusively shows existed here. The plaintiff brought its airplane to defendant's old Salt Lake City airport and left it with the defendant as a bailee for hire for about a day. Under these circumstances, the defendant as the bailee had the burden of proving that the destruction of the airplane was not caused by its negligence,[2] and the plaintiff did not have the burden of proving that defendant was guilty of negligence which proximately caused the destruction of the airplane and the other property. Thus the court's instructions to the jury covered the issue which was directly presented to the jury of whether defendant was guilty of negligence. This instruction was more favorable to the defendant airport, the bailee, than it was entitled to have. It placed the burden of proof on the plaintiff bailor instead of on the defendant bailee.

 The fact that the court instructed the jury on the wrong theory of the case, as long as the instructions were more favorable to the defendant than they were entitled to, does not require a new trial.[3]

---

1. Romney v. Covey Garage, et al., (1941) 100 Utah 167, 111 P.2d 545; Allen v. Southern Pacific Company, (1950) 117 Utah 171, 213 P.2d 667; Wyatt et al., v. Baughman, et al., (1951) 121 Utah 98, 239 P.2d 193.

2. See cases cited in note 1.

3. Butz v. Union Pac. R. Co., 120 Utah 185, 233 P.2d 332; McCollum v. Clothier, 121 Utah 311, 241 P.2d 468; Martin v. Stevens, 121 Utah 484, 243 P.2d 747; Walker v. Peterson, 3 Utah 2d 54, 243 P.2d 747.

Judgment affirmed. Costs to respondent.

McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

HENRIOD, C. J., does not participate herein.