575 P.2d 1303

Kenneth COMPTON and Bill Waugh,
Plaintiffs-Respondents,

v.

Donald F. DANIELS,
Defendant-Appellant.

No. 12100.

Supreme Court of Idaho.

March 2, 1978.

Howard I. Manweiler, Boise, for defendant-appellant.

David W. Cantrill, Boise, for plaintiffs-respondents.

DONALDSON, Justice.

The plaintiffs-respondents, Compton and Waugh, are the owners of a 1948 Luscombe Aircraft. The defendant-appellant, Daniels, had an arrangement with the owners whereby he could use the aircraft in return for giving flying lessons to Compton. Both the appellant and the respondents acknowledge this arrangement to be a bailment.[1]

---

1. At oral arguments, the respondents-bailors contended that the arrangement was a gratuitous bailment, i. e. a bailment for the sole benefit of the appellant-bailee, Daniels. This

In February, 1974, Daniels (bailee) was using the aircraft to fly from Boise, Idaho to McCall, Idaho and enroute experienced engine difficulties. Daniels testified at trial that he attempted to eliminate the engine trouble, specifically the loss of the engine, RPMS, by following standard emergency procedures. These emergency measures consisted of applying carburetor heat, checking magnetos, switching fuel tanks, and richening the fuel mixture. These measures were unsuccessful and Daniels was forced to land the aircraft in an open field near Cascade, Idaho. As a result of the landing, the aircraft was totally destroyed.

Compton and Waugh (bailors) instituted this action to recover the value of the aircraft. The complaint alleged the emergency situation and landing and resultant damage to the aircraft were due to the bailee's negligence. Daniels answered the complaint denying negligence.

After a trial without a jury, the district court ruled for the bailors and awarded them a $2,700 judgment. The district court held that the bailors had failed to prove specific acts of negligence on the part of the bailee, but nevertheless awarded the bailors a judgment.

The district court, relying on authorities from other jurisdictions [*Priester v. Judkins,* 7 Ill.App.2d 414, 129 N.E.2d 583 (1955); *Kamm v. Morgan,* 157 So.2d 118 (La.Ct. App.1963); *Sky Aviation Corporation v. Colt,* 475 P.2d 301 (Wyo.1970)], held that a presumption of negligence is imposed on the bailee of an aircraft when an aircraft is delivered to the bailee in good condition and subsequently redelivered by the bailee in a damaged condition. The district court further held that Daniels, the bailee, had failed to rebut this presumption of negligence because he had failed to prove the actual cause of the emergency situation. Deciding the case on the question of burden of proof, the district court held that Daniels was liable for the damage to the aircraft because he had not satisfied his burden of proof.

Noting that the bailors had failed to prove specific acts of negligence, the district court said:

. . . Defendant [Daniels, the bailee] has failed himself to prove the *actual cause* of the emergency condition. Defendant attempted to prove the existence of malfunction of the engine by specific evidence of the existence of oil on the windshield and the break in the exhaust pipe and head bolt. However, it is more probable the head bolt damage and exhaust damage was occasioned by the crash. The existence of oil on the windshield prior to the crash has not been corroborated.

The matter must be decided on the burden of proof. . . . (emphasis ours)

The district court thereafter cited and relied on the above mentioned presumption and awarded the bailors a judgment.

The only issue presented for review is whether the district court correctly applied the presumption of negligence.

▇▇▇ "When a bailor proves delivery of the property to the bailee in good condition and return in a damaged state . . . a presumption arises that the damage or loss was due to negligence or fault of the bailee." McCormick, Evidence, § 343 (2d ed. 1972), *accord,* 9 Wigmore, Evidence § 2508. This rule has been adopted by numerous jurisdictions in bailment cases. See, e. g., *Harris v. Deveau,* 385 P.2d 283 (Alaska 1963); *Barnes v. Western Aviation, Inc.,* 524 P.2d 642 (Colo.Ct.App.1974); *Aetna Life and Casualty Company v. Stan-Craft Corporation,* 159 Mont. 474, 499 P.2d 776 (1972); *Alamo Airways, Inc. v. Benum,* 78 Nev. 3384, 374 P.2d 684 (1962); *Liberty Mutual Fire Insurance Company v. Hubbard,* 275 Or. 567, 551 P.2d 1288 (1976); *Clack-Nomah Flying Club v. Sterling Aircraft, Inc.,* 17 Utah 2d 245, 408 P.2d 904

issue was not specifically raised or argued at trial or addressed by the district court. We proceed on the assumption that the bailment was not a gratuitous bailment but rather one for the mutual benefit of both the bailor(s) and bailee.

(1965); *Chaloupka v. Cyr,* 63 Wash.2d 463, 387 P.2d 740 (1964); *Sky Aviation Corporation v. Colt, supra;* Annot. Liability of Bailee of Airplane for Damage Thereto, 44 A.L.R.3d 862. Under the facts in this case, the district court correctly held that the bailors were entitled to the presumption of negligence on the part of the bailee. We disagree, however, with the district court as to the effect of this presumption.

The district court concluded that the bailee, Daniels, had failed to meet his burden of proof because he had failed to introduce satisfactory evidence to prove the *actual cause* of the emergency situation. The district court erred in this holding. The district court's decision placed a much heavier burden on the bailee than is contemplated by the rule upon which the district court was relying.

The presumption relied upon by the district court does not shift to the bailee the burden of persuasion or the risk of non-persuasion. The presumption only imposes upon the bailee the burden of going forward and producing evidence of facts from which the trier of facts could reasonably find that the loss was not occasioned by the bailee's negligence. *Liberty Mutual Fire Insurance Company v. Hubbard, supra.* The Wyoming Supreme Court has verbalized the effect of the presumption in the following language:

> Unless the bailee sustains the burden showing that the damage was due to other causes consistent with due care on his part the bailor becomes entitled to a judgment as a matter of law. [citations omitted] We must then consider if there was sufficient evidence to rebut the presumption; i. e., did the defendant meet the burden of showing due care?

*Sky Aviation Corporation v. Colt, supra,* at 304–305.

In the case at hand, the bailee was under an obligation to introduce evidence tending to establish that the damage to the aircraft was due to other causes consistent with due care on his part. The bailee satisfied this burden.

Daniels testified that the emergency situation and landing was caused by a loss of engine RPMs. Daniels testified further that he followed standard procedures in an attempt to eliminate the loss of RPMs and that when these attempts proved unsuccessful he landed the aircraft. The introduction of this evidence satisfied his burden of proof. The evidence introduced by Daniels tended to show that the cause of the damage was consistent with due care on his part. The evidence tended to show the non-existence of the presumed fact, i. e. Daniels' negligence. Once Daniels introduced this evidence "the presumption is spent and disappears." McCormick, Evidence, § 345 (2d ed. 1972).[2] If the evidence introduced is sufficient to support a finding contrary to the presumed fact, the bailee's burden of proof has been met.

The district court specifically found that the plaintiffs-bailors had failed to prove specific acts of negligence on the part of the defendant-bailee. The district court also found that although the bailee had not proven the actual cause of the emergency situation, he did introduce sufficient evidence from which the district court concluded that he had not acted negligently in operating the aircraft. The district court incorrectly held that the bailee was still presumed negligent because he failed to prove the cause of the emergency situation.

The judgment of the district court is reversed and the case is remanded for the purpose of entering judgment for the defendant-appellant.

Costs to appellant.

SHEPARD, C. J., and McFADDEN, BAKES and BISTLINE, JJ., concur.

---

2. This theory is known as the "bursting bubble" or Thayer theory.