642 P.2d 70

T–CRAFT AERO CLUB, INC., a corporation, Plaintiff-Respondent,

v.

Dorris BLOUGH, Defendant-Appellant.

No. 13403.

Court of Appeals of Idaho.

March 9, 1982.

L. Kim McDonald of Smith & McDonald, Nampa, for defendant-appellant.

Michael G. Brady and Terry McDaniel of Brady, McDaniel & Matthews, Boise, for plaintiff-respondent.

BURNETT, Judge.

T-Craft Aero Club brought an action to recover damages from Dorris Blough for crashing an airplane rented from the Club. The trial court, upon finding that Blough had negligently piloted the plane, entered judgment including an award of costs and attorney fees. We affirm, and we grant further attorney fees on appeal.

Blough's appeal raises three principal issues. First, what standard of care applies to a student pilot? Second, is a litigant entitled to use the deposition of a witness at trial, upon showing that the witness is outside the state and beyond the subpoena power of the court? Third, is the Club entitled to awards of attorney fees in the trial court and on appeal?

I

This case involves damage to property by a bailee. When a bailee receives property in good condition but returns it damaged, there is a presumption that the damage resulted from negligence of the bailee. However, if the bailee produces evidence sufficient to allow the trier of fact reasonably to find that the damage was not caused by negligence, then the burden of persuasion regarding negligence falls upon the bailor. *E.g., Compton v. Daniels,* 98 Idaho 915, 575 P.2d 1303 (1978).

In this case, the bailee, a student pilot with 29.4 hours of flying time, rented one of the Club's airplanes for her first solo cross-country flight. She experienced difficulty controlling the plane in a cross-wind

while landing, and crashed into a field adjacent to the airport. She escaped injury but the airplane was damaged. After a court trial, the district judge found that Blough had negligently flown the plane so slowly that she was unable to land the plane safely, or to abort the landing, when she encountered the cross-wind.

On appeal, Blough argues that the trial court made numerous errors in its findings of fact. A trial court's findings of fact will not be reversed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Blough has questioned some of the factual detail recited in the court's decision. After reviewing the record, we conclude that the court's dispositive findings are supported by substantial and competent, though conflicting, evidence. They are not clearly erroneous and will not be disturbed on appeal. *E.g., Cougar Bay Co., Inc. v. Bristol*, 100 Idaho 380, 597 P.2d 1070 (1979).

■ Blough next challenges the standard of care applied by the trial court. She contends that the court used the standard of an experienced pilot exercising ordinary care, rather than the standard of a student pilot exercising ordinary care. The argument suggests that there are separate standards for experienced pilots and student pilots. This premise is incorrect. There is only one standard—ordinary care. The degree of experience is a factor to be considered, along with other circumstances, in applying the standard. However, it is not a conceptual element of the standard itself. Prosser, Law of Torts, 4th Ed. (1971), § 32; IDJI § 222, comment.

The question, then, is whether the trial court, in its determination of negligence, gave due consideration to Blough's relative lack of experience. In his memorandum decision, the trial judge described Blough's prior training and experience. The court examined the specific tasks involved in landing the airplane under the existing circumstances. His finding of negligence was couched in terms of Blough's particular training and experience. We conclude that the trial court properly applied the negligence standard to this case. *Cf. Reckart v.*

*Avra Valley Air, Inc.*, 19 Ariz.App. 538, 509 P.2d 231 (1973); *Morton v. Martin Aviation Corp.*, 205 Tenn. 41, 325 S.W.2d 524 (1959).

## II

■ Blough further contends that the trial court erred by admitting in evidence at trial the deposition of an absent witness. The witness, Jack Peterson, observed the accident from a point fifty to one hundred yards from where the airplane crashed. His testimony was material. In his deposition, Peterson said he resided in Virginia. The following colloquy appears in the deposition:

Q. Would you be available for trial in April in Boise, April of 1979?

A. Yes.

Q. You would be available in Boise?

A. Well, it depends on if I were subpoenaed, or whatever what [sic] kind of trial. I would not normally be in Boise, I would normally be in Washington, D.C., in my place of employment. I am not returning in April.

Peterson did not attend the trial in Boise; and the trial judge ruled that he was beyond the subpoena power of the court. *See* I.R.C.P. 45(e). Over Blough's objection, the court allowed the Peterson deposition to be read into the record.

I.R.C.P. 32(a)(3) provides as follows:

The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the state of Idaho, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of jus-

tice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

It appears from the record that the Peterson deposition could be used under parts (B) and (D) of the rule.

Blough has invited our attention to *Palfy v. Rice*, 473 P.2d 606 (Alaska 1970). In that case the Alaska Supreme Court upheld a trial court's decision, under part (E) of a similar rule, to exclude a deposition, where "exceptional circumstances" were at issue. That decision is inapposite here. In this case, parts (B) and (D) were satisfied. The trial court had no need to consider whether there might also have been "exceptional circumstances" to bring the case within part (E). We hold that the trial court properly admitted Peterson's deposition at trial. *See* 8 C. Wright & A. Miller, Federal Practice & Procedure § 2146 (1970); *Derewecki v. Pennsylvania Ry. Co.*, 353 F.2d 436, 441 (3d Cir. 1965); *Frederick v. Yellow Cab Co.*, 200 F.2d 483, 486 (3d Cir. 1952).

### III

■ The trial court awarded costs and attorney fees to the Club. On appeal Blough contests the attorney fee award because the court made no written finding of its reasons under I.R.C.P. 54(e)(2). This rule supplements Rule 54(e)(1), which specifies the circumstances under which the trial court may award attorney fees under I.C. § 12–121. However, Rule 54(e), including subsections (1) and (2), applies only to actions filed on or after March 1, 1979. I.R.C.P. 54(e)(9). The Club's complaint in this case was filed on March 6, 1978. We hold that Rule 54(e) was not applicable to this case and that the trial court did not err in failing to make written findings.

■ Prior to the effective date of Rule 54(e), I.C. § 12–121 gave the trial court broad discretion to award attorney fees to prevailing parties. The court entered judgment for the Club and awarded costs. It implicitly held the Club to be a prevailing party. Accordingly, we will not disturb the award of attorney fees under section 12–121. *Haskin v. Glass*, 102 Idaho 785, 789, 640 P.2d 1186, 1190 (Ct.App.1982).

The Club also seeks an award of attorney fees on appeal. The Club suggests that the award is mandated by I.C. § 12–120. The Club did not urge this statute in support of its request for attorney fees at trial. The statute provides, in pertinent part, as follows:

(1) Except as provided in subsection (2) of this section, in any action where the amount pleaded is two thousand five hundred dollars ($2,500) or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees . . . .

(2) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

■ We deem subsection (2) of the statute to be inapplicable on its face. Although there was a bailment between the Club and Blough, the Club's underlying cause of action was grounded in negligence, not in contract. We deem subsection (1) to be inapplicable on the pleadings. The Club received a principal judgment of $2,100—within the $2,500 limit prescribed in subsection (1). However, the Club's complaint contained two counts, pleading damages of $2,000 and $4,000, respectively. Therefore, we conclude that the Club is not entitled to a mandatory award under I.C. § 12–120.

■ The next question is whether the Club should receive a discretionary award under I.C. § 12–121. In *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979), our Supreme Court held that such an award should be made only if the appellate court is left with an "abiding belief that the appeal was brought . . .

frivolously, unreasonably or without foundation." 99 Idaho at 918, 591 P.2d at 1085.

This appeal has presented no meaningful issue on a question of law. In regard to the trial court's findings, Blough has been unable to do more than dispute minor details and point to conflicts in the evidence. As noted above, when a trial court's findings are supported by substantial and competent evidence, the mere existence of other, conflicting evidence does not establish that the findings are clearly erroneous.

These principles are well known to Idaho practitioners. They mark the fundamental difference between a trial court and an appellate court. An appeal should do more than simply invite the appellate court to second-guess the trial court on conflicting evidence. Absent a clear showing of error, we will not invade the trial court's domain.

We are left with the abiding belief that the appeal in this case was brought without foundation. Accordingly, we hold that the Club is entitled to award of a reasonable attorney fee on appeal, to be determined under I.A.R. 41.

The judgment of the district court is affirmed. Costs and attorney fees to respondent.

WALTERS, C. J., and SWANSTROM, J., concur.