691 P.2d 801

**Norma DeMARCO, Plaintiff-Appellant,**

v.

**Robert STEWART,
Defendant-Respondent.**

**No. 15255.**

Court of Appeals of Idaho.

Nov. 14, 1984.

Thomas A. Mitchell, of Coeur d'Alene, for plaintiff-appellant.

Kenneth T. Jacobsen, of Coeur d'Alene, for defendant-respondent.

BURNETT, Judge.

The sole issue presented by this appeal is whether a trial judge's finding of fact should be overturned. The issue has been raised by Norma DeMarco, who claims an interest in patents held by her former husband, Robert Stewart. The trial judge found that Stewart had not performed "substantial work" during the marriage upon a project which ultimately led to the patents in question. Upon this finding the trial court denied DeMarco's claim of inter-

est in the patents. She has appealed. We affirm.

The parties were married in 1950 and were divorced in 1961. Under a settlement agreement DeMarco received a half interest, as a tenant in common, in "all inventions that have been perfected, whether patented or not, or that have had substantial work done on them during the marriage. . . ." After the divorce Stewart pursued a variety of inventive projects, including a heat transfer device, a power generating device and a power generating assembly, collectively known as the "Stewart Energy System." When Stewart obtained patents on this system, DeMarco sued for a determination of her interest. The parties presented conflicting evidence regarding the extent of work done on the "Stewart Energy System" during the marriage. The trial judge found that "substantial work" had not been proven.

 appeal a finding of fact by the trial judge will not be disturbed unless it is clearly erroneous. I.R.C.P. 52(a). In this case, however, the former wife argues that a deferential standard of review is inappropriate. For reasons not disclosed by the record, nearly two years elapsed between trial and issuance of the judge's decision. DeMarco argues that the decision was made upon a "cold" record and, therefore, should receive a de novo review on appeal as though it had been made upon wholly documentary evidence. We disagree. The lapse of time, though unusually prolonged, does not establish that the judge had forgotten, or that his notes would have failed to reflect, his impressions of the evidence at trial. More fundamentally, our Court has held that a rule of early case law, allowing de novo review of findings made upon documentary evidence, is no longer authoritative. For reasons explained in *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App.1983), we apply the standard of clear error under Rule 52(a) to all findings, whether made upon testimonial or documentary evidence. The instant appeal was filed after *Avondale* and is governed by this restrained

standard of review. Our examination of the record discloses no clear error in the trial judge's finding on the question of "substantial work."

[2] attacks what she characterizes as inherently improbable testimony by Stewart that he had done no substantial work on the "Stewart Energy System" during the marriage because he did not want his wife later to acquire an interest in the patents. Our reading of the testimony discloses that DeMarco's characterization is based more upon an inference of Stewart's attitude than upon the actual words spoken. We decline the paradoxical invitation to draw an inference and then to reject it as inherently· improbable. Moreover, the trial judge's memorandum decision shows that he did not rely upon a perception of Stewart's attitude to determine whether substantial work had been done. Rather, the judge noted other testimony by Stewart in which he said that he had not done substantial work on the system during the marriage because he was involved at the time in operating a construction business. The judge also observed that the patents were "considerably sophisticated and most certainly involved a substantially greater quantity of work than Mr. Stewart could have accomplished by tinkering and drawing at home." Upon this record we deem it clear that the judge's determination was based upon substantial evidence independent of any inference concerning Stewart's subjective motivation.

[3] DeMarco suggests that the trial judge overlooked a concession by Stewart that she had, at least, an interest in a patent for the heat transfer component of the "Stewart Energy System." However, the purported concession was hardly conclusive. At one point during the trial Stewart referred to this patent and said, "She might have a claim in that." Later, he stated:

[I]f she would have a claim in any of this technology, it would be in that one, but I'm not too sure under the wording of the [divorce] decree that she would have a claim in that because I didn't do that

much work on it. I did have some of these concepts down on paper ... rough draft, but I didn't really do any work on them until in the lat [sic] seventies, I guess, or late sixties.

We find nothing in this testimony to warrant overturning the judge's decision.

 Stewart has requested that we award him attorney fees on appeal. Attorney fees will be awarded under I.C. § 12–121 when the appellate court is left with an "abiding belief that the appeal was brought ... frivolously, unreasonably or without foundation." *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). In *T-Craft Aero Club, Inc. v. Blough*, 102 Idaho 833, 837, 642 P.2d 70, 74 (Ct.App.1982), we held such an award to be appropriate where the appeal presented no meaningful issue on a question of law but simply invited the appellate court to second-guess the trial judge on questions of fact. We believe the present appeal is similar. Therefore, we award reasonable attorney fees, to be determined under I.A.R. 41.

The judgment of the district court is affirmed. Costs and attorney fees to respondent, Stewart.

WALTERS, C.J., and SWANSTROM, J., concur.