752 P.2d 603

Cherie SORIA, Plaintiff-Respondent,

v.

SIERRA PACIFIC AIRLINES, INC., a corporation, Defendant-Appellant,

Bernie RYAN, Plaintiff-Respondent,

v.

SIERRA PACIFIC AIRLINES, INC., a corporation, Defendant-Appellant.

No. 16752.

Supreme Court of Idaho.

June 15, 1987.

Rehearing Denied March 31, 1988.

Rand Peebles, of Lawson & Peebles, Ketchum, James McCarthy (argued), Los Angeles, Cal., for plaintiff-respondent, Soria.

E. Lee Schlender (argued), Hailey, Michael F. Donovan, Ketchum, for plaintiff-respondent, Ryan.

Lloyd J. Webb (argued), of Webb, Burton, Carlson, Pedersen & Webb, Twin Falls, Stephen W. Boller, Hailey and Philip L. Johnson, of Engstrom, Lipscomb & Lack, Los Angeles, Cal., for defendant-appellant, Sierra Pacific.

DONALDSON, Justice.

This case is before us for a second time. It consists of two consolidated personal injury actions which arose from an aircraft accident that occurred in Blaine County, Idaho, on February 15, 1983. In our earlier opinion, *Soria v. Sierra Pacific Airlines, Inc.*, 111 Idaho 594, 726 P.2d 706 (1986), we sustained the trial court's determination of liability and its decision to submit the question of punitive damages to the jury, but remanded for the trial court to examine appellant's contention that the actual and punitive damage awards rendered by the jury were excessive and to enter findings in those respects. On remand, the trial court, after hearing arguments of

**2**

counsel, entered findings of fact and conclusions of law and ordered that Sierra Pacific's motion for a new trial pursuant to I.R.C.P. 59(a)(5) and motion for remittitur be denied. Sierra Pacific appeals that decision. We affirm.

After hearing argument, District Judge Douglas D. Kramer made the following finding:

> "The jury awarded Ryan $500,000.00 and Soria $1,000,000.00. After weighing the evidence and applying the *Dinneen* standard,[1] set out above, this Court concludes that, if anything, it would have awarded both Ryan and Soria at least what the jury did. Both parties suffered severe pain, fear and panic during the ordeal. They both believed they were about to be incinerated. They also suffered extensive physical injuries which have altered their lives. It does not appear that the jury was influenced by passion or prejudice. Instead, based on what this court may have awarded the Plaintiffs, the jury acted quite reasonably, responsibly and conservatively. Therefore, defendant Sierra Pacific's motion for a new trial on this issue is denied."

On appeal, this Court's standard of review is whether the district court abused its discretion in deciding as it did. *Soria, supra* at 608, 726 P.2d at 720. *Dinneen* makes clear that although the decision to grant a new trial is *discretionary*, the weighing process is *mandatory*. *Id.* at 609, 726 P.2d at 721.

■ It is apparent that Judge Kramer properly weighed the evidence in deciding upon remand whether to grant appellant's motion for a new trial. It is not our role to second guess that decision. The trial court was in a much better position to view the testimony of witnesses and to determine whether the award in this case was rendered under the influence of passion or prejudice. Finding no abuse of discretion, we affirm his decision.

■ With respect to the propriety of awarding punitive damages, Judge Kramer concluded:

> "[H]aving weighed and reviewed the above facts, this court has determined that Sierra Pacific Airlines' behavior was an extreme deviation from reasonable standards of conduct. Federal maintenance standards were violated. Maintenance manual instructions were ignored and either fraud was committed or a callous indifference to the safety of the passengers was exhibited. Innocent lives were placed in jeopardy as a result of grossly negligent conduct. The jury awarded Ryan $750,000.00. This court concludes that it probably would have awarded the Plaintiffs that amount. Instead of acting with passion and prejudice, the jury acted responsibly and in this court's opinion, conservatively."

*See also* the facts we listed in *Soria, supra* at 611–12, 726 P.2d at 722. The court below did not abuse its discretion in denying appellant's motions. We affirm.

[3] This Court finds that appellant has presented no meaningful issue on a question of law. The standard regarding appellate review of motions for new trial and remittitur are well established. This appeal is frivolous and without foundation. Thus, respondents are entitled to reasonable attorney fees on appeal. *Rueth v. State*, 103 Idaho 74, 81, 644 P.2d 1333, 1340 (1982); *T-Craft Aero Club, Inc. v. Blough*, 102 Idaho 833, 642 P.2d 70 (Ct.App.1982).

Judgment affirmed.

Costs and attorney fees to respondents.

---

1. We explained this standard in *Soria, supra* at 608, 726 P.2d at 720:

   "The seminal case on the function of a trial judge when faced with a motion for a new trial based upon either excessive or inadequate damages is *Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979). In deciding a motion for a new trial premised upon an allegation of either excessive or inadequate damages, the trial court *must* weigh the evidence and determine if the verdict was awarded under the influence of passion or prejudice. *Dinneen, supra* at 625, 603 P.2d at 580 ('Where a motion for a new trial is premised on inadequate or excessive damages, the trial court *must* weigh the evidence....') (emphasis in original)."

BAKES, BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, C.J., concurs with majority, but dissents only as to award of attorney fees.