764 P.2d 446

**Ruth M. PILCHER, Hattie R. Campbill, and Charline Edison, (formerly Charline L. Burke), Plaintiffs–Respondents,**

v.

**Robert DATTEL and Corliss W. Dattel, husband and wife; and Wayne Nettleton; and W.H. Field Co., Inc., a Washington corporation, Defendants–Appellants.**

**No. 17244.**

Court of Appeals of Idaho.

Nov. 1, 1988.

John F. Elsaesser of Verby, Elsaesser & Jarzabek, Sandpoint, for defendants-appellants.

**80**

Raymond T. Greene, Jr., Sandpoint, for plaintiffs-respondents.

PER CURIAM:

This is an adverse possession case. Robert and Corliss Dattel and Wayne Nettleton hold as co-tenants record title to approximately twenty acres of land adjoining the land owned by Ruth Pilcher and her daughters, Hattie Campbill and Charline Edison. The Dattels and Nettleton have appealed from the district court's judgment granting Pilcher a quiet title by adverse possession to a portion of the land claimed by the Dattels and Nettleton. The sole issue is whether there was substantial and competent evidence to support the district court's finding that the land adversely possessed was enclosed by a fence. We affirm.

Findings of fact by a trial court will not be disturbed on appeal unless they are clearly erroneous. I.R.C.P. 52(a). Clear error will not be deemed to exist if the findings are supported by substantial and competent, although conflicting, evidence. *Rasmussen v. Martin*, 104 Idaho 401, 659 P.2d 155 (Ct.App.1983).

The record in this case shows the following facts. In November 1967 Pilcher, by warranty deed, obtained title to thirty acres of land in Bonner County, Idaho. Adjoining Pilcher's tract to the east is the twenty acre parcel of land presently held by the Dattels and Nettleton. The twenty acre tract features an elongated meadow, running north and south through the tract, bordered on the east by dense forest and on the west by an access road and dense forest—the access road being within the area described in Pilcher's warranty deed. In the northwest area of the twenty acre parcel is a group of buildings including a barn, a log cabin and a hen house. After purchasing her property, Pilcher entered into the northwest area of the twenty acre parcel and erected a home near the other existing structures. Between 1968 and 1972, Pilcher and members of her family erected several fences in and around the area of the residence and barn, and erected a fence along the east side of the access road north to the northern edge of the twenty acre parcel, then across 388 feet of the northern edge of the twenty acre parcel and then south through the forest for approximately 410 feet. Also during this time a fence was erected across the upper portion of the meadow from the access road on the west to the fence on the east. For convenience, we will refer to this latter fence as "the cross fence."

From 1968 to 1978 Pilcher and her family pastured cattle, horses and sheep within the fenced enclosures of the northern area of the twenty acre parcel. The cross fence was primarily used to secure Pilcher's daughter's horses within the upper portion of the meadow. Pilcher and her family cultivated hay in the remainder of the meadow for their animals.

In February 1980 the Dattels and Nettleton obtained a warranty deed to the twenty acre parcel containing the meadow. Disputes between the adjoining land owners then arose as to who had the right to possession and use of the meadow. Pilcher finally left her home in the fall of 1981 and later brought this action. The district court granted Pilcher title to the approximately six acres of land lying north of the cross fence on an adverse possession theory.

Under I.C. § 5–210(1), a person may obtain title to land through adverse possession by showing that the land has been possessed, occupied and protected by a substantial inclosure for a period of five years or more. The Dattels and Nettleton concede that Pilcher and her daughters have established adverse possession of the residence and the area immediately surrounding it, but they contend that adverse possession has not been shown for the larger area granted by the district court. In particular, they contend that substantial evidence does not exist to support the finding of a fence on the east side from the area of the barn south to the location of the cross fence.

Most of the testimony relied upon by the Dattels and Nettleton for their argument comes from witnesses who mainly traversed the lower part of the twenty acre tract. These witnesses testified that a

fence on the east side did not exist south of the cross fence. Some testimony was elicited explaining that since 1977 a fence on the east side did not exist north of the cross fence for approximately 250 feet to the area of the barn. One witness testified that he did not recall seeing a fence in this area since 1972.

There is uncontradicted evidence from Pilcher and her family that between 1968 and 1971 a fence existed on the east side south of the barn to the cross fence. It is also uncontradicted that animals were pastured on the property until 1978. Pilcher further testified that in 1980 and 1981 she observed the Dattels and Nettleton removing portions of the fence near the barn. An appraiser and a surveyor testified that when they viewed the property in 1981 and after, they observed old fence posts and compacted fence post holes on the east side between the barn and the cross fence. Documentation from Bonner County was admitted as evidence of taxes paid by Pilcher for the property she possessed.

Although the testimony is conflicting, the evidence produced by Pilcher shows a fence existed on the east side from the barn to the cross fence between 1968 and 1971, and the inference arises from the keeping of animals that such a fence was maintained until 1978. This evidence is corroborated by witnesses who observed in following years fence posts and post holes on the east side. The trial court could permissibly rely upon this evidence in finding a fence existed for five or more years on the east side between the barn and the cross fence. We conclude that substantial and competent evidence exists to support the district court's finding of a fence on the east extending from the area of the barn south to the cross fence line. Consequently, we will not disturb the district court's findings.

Pilcher has requested attorney fees on appeal. We believe the request is appropriate. We were asked to do nothing more on appeal than second-guess the district court's judgment on conflicting evidence. Accordingly, we award attorney fees on appeal to Pilcher. *See T-Craft Aero Club,*

*Inc. v. Blough,* 102 Idaho 833, 642 P.2d 70 (Ct.App.1982). The amount will be determined under I.A.R. 41.

The district court judgment is affirmed. Costs to the respondent, Pilcher.