# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 37931

| | |
|---|---|
| **BRIDGE TOWER DENTAL, P.A.,** ) | |
| ) | **Boise, January 2012 Term** |
| **Plaintiff-Appellant,** ) | |
| ) | **2012 Opinion No. 46** |
| **v.** ) | |
| ) | **Filed: March 5, 2012** |
| **MERIDIAN COMPUTER CENTER, INC.,** ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| **Defendant-Respondent.** ) | |
| _____ | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

The decision of the district court regarding appellant's Motion for Judgment Notwithstanding the Verdict is <u>reversed</u>. The award of attorney's fees is <u>vacated</u>. This case is <u>remanded</u> for further action consistent with this Opinion. Costs are awarded to appellants.

Perkins Coie, LLP, Boise, for appellant. Shelly C. Shannahan argued.

Borton Law Offices, PLLC, Meridian, for respondent. Joseph W. Borton argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

In 2003, Appellant, Bridge Tower Dental, hired Respondent, Meridian Computer Center, to provide the dental practice with a computer hardware system subject to a warranty contract. In June of 2005, Bridge Tower Dental began experiencing problems with its server. Bridge Tower Dental entrusted its computer server, including both of its hard drives, to Meridian Computer Center in order to repair or restore the failing hard drive. While attempting to restore the failing hard drive, Respondent mistakenly confused the source and destination locations on the motherboard and inadvertently erased all of Bridge Tower Dental's data, including the practice's patient records, from the working hard drive. Bridge Tower Dental filed suit against Meridian Computer Center for breach of contract and negligence under the law of bailment.

1

At trial, the district court denied Bridge Tower Dental's request to submit different jury instructions for the separate claims, and instead combined the contract claim with the negligent bailment claim in the final jury instructions. On April 27, 2010, the jury entered a general verdict in favor of Meridian Computer Center. Bridge Tower Dental filed a Motion for Judgment Notwithstanding the Verdict, or alternatively, a Motion for New Trial, both of which were denied by the district court. The court entered an order awarding attorney's fees and costs to Meridian Computer Center under I.C. § 12-120(3). Bridge Tower Dental now appeals to this Court, arguing that the district court erred in denying its Motion for Judgment Notwithstanding the Verdict because Meridian Computer Center failed to prove that it was not negligent in erasing the data contained on the working hard drive, that the court erred in denying the Motion for New Trial because the jury instructions were improper, and that the district court erred in awarding attorney's fees and costs.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Appellant, Bridge Tower Dental ("Bridge Tower"), is a dental practice located in Meridian, Idaho. In March of 2003, Bridge Tower contacted Al Colson, a computer consultant, about purchasing a custom computer system to store its patient files and records electronically. Colson provided Bridge Tower with a bid from Respondent, Meridian Computer Center ("Meridian Computer"), for $14,659.00 to build and assemble a computer system which included several computers, monitors, printers, and a server. The server contained two separate hard drives designed to mirror each other so that if one hard drive failed, the data would remain intact on the mirrored drive. Meridian Computer also provided Bridge Tower with a Sony DAT tape system to back up its data. The computer system was sold with a three year warranty. Colson installed the computer system for $1600 and entered into a service contract with Bridge Tower to provide monthly maintenance and support for the computer system.

Under the terms of the service contract, Colson was responsible for "[i]nsuring that system backups are completed successfully." Colson was paid $500 dollars a month for providing maintenance support and backup services to Bridge Tower. In 2004, the DAT tape system was no longer capable of backing up new data because Bridge Tower's data exceeded the tape's capacity. Colson informed Bridge Tower that it either needed to have someone manually feed multiple tapes or replace the tape system with an external USB drive. Colson estimated that the cost of a new external backup system would be approximately $1000 to $1200. Bridge

2

Tower expressed to Colson that it wanted to purchase a new backup system but that it did not have the funds to do so at the time. Bridge Tower opted not to use multiple tapes because it would require someone to stay on-site for up to four hours waiting to manually feed new tapes into the computer. Unfortunately, when the tape exceeded its capacity and began failing, it destroyed the data on the tape over a period of time, leaving the mirrored hard drive as Bridge Tower's only form of backup.

In June of 2005, Colson noticed some problems with Bridge Tower's server after performing a software update. After running some tests, Colson suspected that one of the hard drives was failing, but that the mirrored drive was fully functional. Colson informed Bridge Tower of the suspected problem and immediately took the computer, including the server and both hard drives, to Meridian Computer for repair under the warranty. Colson delivered the server to the owner of Meridian Computer, Jason Patten, who agreed to diagnose and replace the failing hard drive pursuant to the warranty. At trial, Colson testified that he also asked Patten to perform a backup of the data before doing anything destructive to the hard drives. Patten denied that Colson ever requested him to perform a backup of the data and further explained that his standard practice is not to backup data because "it's usually the customer's responsibility." Patten acknowledged that one hard drive was failing, but that the mirrored drive remained intact and functional. After taking possession of the server and hard drives containing data, Patten attempted to recover the failed hard drive by performing a low level format which destroys all data on the hard drive. Then, Patten installed a new hard drive with no existing data, just lines of zeros, and intended to copy the data from the functional mirrored drive onto the new drive. However, Patten inadvertently mixed up the source drive with the destination drive, consequently erasing all the data on the mirrored hard drive and replacing it with lines of zeros. Patten explained the error in a letter stating "[t]he problem occurred when this new hard drive was used as the source drive to re-create the broken mirror, erasing then the only copy of the data, since there were no backups created by Bridge Tower Dental." Patten did not perform a backup of the functional mirrored drive prior to servicing the hard drives, and as a result, Bridge Tower was left with no way to access the data that was on the mirrored drive, containing all of its patients' records and contact information.

On December 31, 2007 Bridge Tower filed an Amended Complaint against Meridian Computer and Al Colson, alleging breach of contract and negligence. Prior to trial, Bridge

3

Tower agreed to dismiss Colson as a defendant. After a four day jury trial, on April 27, 2010, the jury returned a general verdict in favor of Meridian Computer. Bridge Tower filed a Motion for Judgment Notwithstanding the Verdict, or alternatively, a Motion for a New Trial. Both of Bridge Tower's post-trial motions were denied by the district court. Meridian Computer then filed a motion for attorney's fees and costs, which was granted by the court. Bridge Tower timely appealed from the Final Judgment on July 8, 2010. On appeal, Bridge Tower argues that the district court erred in denying its Motion for Judgment Notwithstanding the Verdict because Meridian Computer failed to present any evidence that Patten was exercising due care when he erased the data from the functioning hard drive. Bridge Tower also argues that the district court erred in denying its Motion for a New Trial because Jury Instruction Numbers 8 and 9 did not accurately reflect bailment law under Idaho law. Lastly, Bridge Tower argues that the court erred in awarding Meridian Computer attorney's fees under Idaho Code section 12-120(3) because the gravamen of the lawsuit was based on negligence and not a commercial transaction.

### III. ISSUES ON APPEAL

1. Whether the district court erred in denying Bridge Tower's Motion for Judgment Notwithstanding the Verdict because Meridian Computer failed to meet its burden of persuasion by showing that it was not negligent in destroying Bridge Tower's functioning hard drive?

2. Whether the district court erred in denying Bridge Tower's Motion for New Trial because of improper jury instructions?

3. Whether the district court erred in awarding Meridian Computer attorney's fees and costs under Idaho Code section 12-120(3)?

### IV. STANDARD OF REVIEW

This Court reviews a district court's grant or denial of a motion for judgment notwithstanding the verdict under the same standard the district court employed when ruling on the motion. *Coombs v. Curnow*, 148 Idaho 129, 136, 219 P.3d 453, 460 (2009).

> A jury verdict must be upheld if there is evidence of sufficient quantity and probative value that reasonable minds could have reached a similar conclusion to that of the jury. In reviewing a grant or denial of a motion for JNOV the court may not reweigh evidence, consider witness credibility, or compare its factual findings with that of the jury. The court reviews the facts as if the moving party had admitted any adverse facts, drawing reasonable inferences in favor of the non-moving party.

4

*Bratton v. Scott*, 150 Idaho 530, 535, 248 P.3d 1265, 1270 (2011) (quoting *Gillingham Constr., Inc. v. Newby-Wiggins Constr., Inc.*, 142 Idaho 15, 20, 121 P.3d 946, 951 (2005) (internal citations omitted)).

Unlike a motion for judgment notwithstanding the verdict, this Court applies an abuse of discretion standard when reviewing the lower court's ruling on a motion for a new trial. *Bratton*, 150 Idaho at 536, 248 P.3d at 1271 (citing *Schmechel v. Dillé*, 148 Idaho 176, 179, 219 P.3d 1192, 1195 (2009)). "A trial court has wide discretion to grant or refuse to grant a new trial, and on appeal this Court will not disturb that exercise of discretion absent a showing of manifest abuse." *Schmechel*, 148 Idaho at 179, 219 P.3d at 1195 (quoting *Dyet v. McKinley*, 139 Idaho 526, 529–30, 81 P.3d 1236, 1239–40 (2003)). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)). A district court may grant a motion for a new trial where errors in law occurred at trial. I.R.C.P. 59(a)(7). "Where prejudicial errors of law have occurred, the district court has a duty to grant a new trial, even though the verdict is supported by substantial and competent evidence." *Schmechel*, 148 Idaho at 180, 219 P.3d at 1196.

## V. ANALYSIS

### A. The District Court Erred in Denying Bridge Tower's Motion for Judgment Notwithstanding the Verdict Because the Evidence Does Not Support the Jury's Verdict

Bridge Tower argues that the lower court erred in denying its motion for judgment notwithstanding the verdict because Meridian Computer failed to satisfy its burden of persuasion to prove that Meridian Computer was not negligent when Bridge Tower's mirrored hard drive was erased. This Court has defined a bailment as follows:

> A delivery of goods or personal property, by one person to another, in trust for the execution of a special object upon or in relation to such goods, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to perform the trust and carry out such object, and thereupon either to redeliver the goods to the bailor or otherwise dispose of the same in conformity with the purpose of the trust.

*Loomis v. Imperial Motors, Inc.*, 88 Idaho 74, 78, 396 P.2d 467, 469 (1964) (quoting Black's Law Dictionary (4th ed.)). A bailee is required to exercise reasonable care to protect the property

5

entrusted to his custody. *Low v. Park Price Co.*, 95 Idaho 91, 92, 503 P.2d 291, 292 (1972). Moreover, when property is delivered to a bailee and returned in a damaged state or not returned at all, "the law presumes negligence to be the cause and casts upon the bailee the burden of showing that the loss is due to other causes consistent with due care on his part." *Id.* (citing *Cluer v. Leahy*, 44 Idaho 320, 256 P. 760 (1927)). In other words, the bailee carries not only the burden of production, but also the burden of persuasion. *Id.* at 96, 503 P.2d at 296. Unless the bailee produces sufficient evidence to allow the jury to reasonably find that the damage or loss was not caused by the bailee's own negligence, the bailor is entitled to judgment as a matter of law. *Compton v. Daniels*, 98 Idaho 915, 917, 575 P.2d 1303, 1305 (1978). The court of appeals misconstrued *Compton v. Daniels* in holding that the burden then shifts from the bailee to the bailor. The court of appeals stated:

> When a bailee receives property in good condition but returns it damaged, there is a presumption that the damage resulted from negligence of the bailee. However, if the bailee produces evidence sufficient to allow the trier of fact reasonably to find that the damage was not caused by negligence, then the burden of persuasion regarding negligence falls upon the bailor.

*T-Craft Aero Club, Inc. v. Blough*, 102 Idaho 833, 834, 642 P.2d 70, 71 (Ct. App. 1982). This Court holds that the burden does not shift and thus, the bailor does not bear the burden of persuasion regarding negligence. This Court did not diverge from this principle in *Compton* and the Court did not hold that the burden of proof shifted to the bailor to prove negligence. *See Compton*, 98 Idaho at 917, 575 P.2d at 1305. Once a bailment is established, the burden always remains on the bailee to prove that the damage was not caused by its own negligence. If the bailee fails to satisfy this burden of proof, the bailor does not have to prove that the bailee was negligent. Instead, the bailor is simply entitled to judgment upon proof that the bailed property was returned in a damaged condition, different from the condition of the property at time the bailment was created.

Both parties agreed that a bailment was created when Colson, acting as an agent for Bridge Tower, entrusted Meridian Computer with the server and two hard drives. The scope of the bailment included not only the machine, but all of its contents, including the data contained on the mirrored hard drive. Under the law of bailment, a bailee has a duty to exercise reasonable care to return the bailed property in the same condition it was in when delivered. Here, Colson entrusted Meridian Computer with a server containing a failing hard drive and a fully functional mirrored hard drive with data on it. The expectation of both parties was for Meridian Computer

6

to replace the failing hard drive with a new drive, and return the server with its good drive and data intact. Yet, due to an admitted mistake, Patten erased the mirrored drive's data and Meridian Computer returned the server in a much different condition than when it was originally delivered. Meridian Computer returned Bridge Tower's bailed server without any of the functional mirrored drive's data.

Because Meridian Computer returned Bridge Tower's property in a damaged state, there is a presumption of negligence and Meridian Computer bears the burden of proving that the damage was not a result of its own negligence. *Low*, 95 Idaho at 92, 503 P.2d at 292. At trial, Patten admitted that he mistakenly erased the data contained on the functional mirrored hard drive because he accidentally mixed up the source drive with the destination drive. Patten also admitted that he did not backup the functioning drive prior to servicing the hard drives. Nevertheless, Patten testified that when Colson delivered the server containing the hard drives, he told Patten to simply fix the failing hard drive, and made no request to backup any data. Patten further explained that Meridian Computer follows the industry's standard of not backing up client data unless specifically requested because it is the responsibility of the customer to safeguard their data. Patten testified that Meridian Computer follows the same policy as the larger computer companies such as Dell, HP, and Gateway. Patten stated that he does not backup client data before repairing or servicing computers and that Colson was aware of this policy through the course of their prior dealings.

Patten attempts to excuse his carelessness by claiming that Meridian Computer belongs to an industry that has no duty to back up data. While this may be true, such a standard does not extinguish its duty not to destroy clients' data. Patten's mistake affirmatively destroyed and damaged Bridge Tower's property, and whether or not Patten had a duty to back up the hard drives is of no bearing in this matter. This Court recognizes a distinction between not having a duty to backup and having a duty to protect and safeguard bailed property in order to return it in the same condition as it was delivered. The evidence adduced at trial unquestionably supports that Meridian Computer made a mistake by inadvertently erasing Bridge Tower's mirrored drive, constituting negligence. Therefore, Meridian Computer failed to meet its burden of persuasion that it was not negligent in destroying the data and the district court should have granted Bridge Tower's Motion for Judgment Notwithstanding the Verdict. As such, this Court reverses the district court's decision denying Bridge Tower's Motion for Judgment Notwithstanding the

Verdict because Meridian Computer did not return the bailed property in the same condition as when it was received and Meridian Computer failed to carry its burden of proof to show that the loss of data was not a result of its negligence. Indeed, Patten admitted that he made a mistake in erasing the data. Therefore, under bailment law, Bridge Tower is entitled to a verdict in its favor.

**B.      The Issue of Whether the District Court Erred in Denying Bridge Tower's Motion for New Trial Does Not Need to be Addressed Because the District Court Should Have Granted Bridge Tower's Motion for Judgment Notwithstanding the Verdict**

On appeal, Bridge Tower argues that the court improperly combined the breach of contract claim with the negligence claim, and as such, Jury Instruction Numbers 8 and 9 did not adequately explain the shifting burdens under the theory of bailment law. Because this Court concluded that the district court should have granted Bridge Tower's Motion for Judgment Not Withstanding the Verdict in favor of Bridge Tower, the Court need not address whether Jury Instruction Numbers 8 and 9 were proper or whether the lower court erred in denying Bridge Tower's Motion for a New Trial.

**C.      This Court Vacates the District Court's Award Granting Meridian Computer Attorney's Fees under I.C. § 12-120(3) Because Meridian Computer Is Not the Prevailing Party.**

Bridge Tower argues on appeal that the court erred in awarding Meridian Computer attorney's fees under I.C. § 12-120(3), asserting that the true gravamen of the action was based on negligence, not a commercial transaction. An award of attorney's fees under Idaho Code section 12-120(3) is proper if "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Blimka v. My Web Wholesaler*, 143 Idaho 723, 728, 152 P.3d 594, 599 (2007) (quoting *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990)). Commercial transaction is broadly defined to include "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). Furthermore, the grounds for awarding attorney's fees based on a commercial transaction under I.C. § 12-120(3) "neither prohibits a fee award for a commercial transaction that involves tortious conduct, nor does it require that there be a contract." *Stephen v. Sallaz & Gatewood, Chtd.*, 150 Idaho 521, 529 n.5, 248 P.3d 1256, 1264 n.5 (2011) (quoting *City of McCall v. Buxton*, 146 Idaho 656, 665, 201 P.3d 629, 638 (2009)).

This Court finds that the lower court was correct in finding that the bailment, whether express or implied, constituted a commercial transaction which served as the basis upon which

Bridge Tower was trying to recover. A commercial transaction formed the gravamen of the lawsuit because the negligence claim arose out of the commercial transaction between Bridge Tower and Meridian Computer to replace the failing hard drive under the warranty agreement. Nevertheless, the Court vacates the district court's award of attorney's fees to Meridian Computer under I.C. § 12-120(3) because it is no longer the prevailing party. Bridge Tower failed to request attorney's fees under I.C. § 12-120(3) on appeal. Had Bridge Tower requested them on appeal, it would have been entitled to attorney's fees under the law as the prevailing party.

## VI. CONCLUSION

This Court reverses the district court's denial of Bridge Tower's post-trial Motion for Judgment Notwithstanding the Verdict and vacates the lower court's award of attorney's fees because Meridian Computer is no longer the prevailing party. No attorney's fees are awarded to Bridge Tower because it failed to request them on appeal. The Court remands this case to the district court to enter an order granting Bridge Tower's Motion for Judgment Notwithstanding the Verdict on the issue of liability and vacates the award of attorney's fees to Meridian Computer. The district court shall conduct additional proceedings to determine what, if any, damages were sustained by Bridge Tower. Costs on appeal are awarded to Bridge Tower.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.