NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICHOLAS D. SCOYNI, | No. 21-35011 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00402-SEH |
| v. | |
| CENTRAL VALLEY FUND L.P. II & III; MB FINANCIAL BANK; CVF CAPITAL PARTNERS; FIFTH THIRD BANCORP; CENTRAL VALLEY FUND L.P., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Sam E. Haddon, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Nicholas D. Scoyni appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Axiom Foods, Inc. v. Acerchem*

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017) (dismissal under Federal Rule of Civil Procedure 12(b)(2)); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)).  We affirm.

The district court properly dismissed for lack of personal jurisdiction Scoyni's action against defendants CVF Capital Partners and Fifth Third Bancorp because Scoyni failed to allege facts sufficient to establish that these defendants had such continuous and systematic contacts with Idaho to establish general personal jurisdiction, or sufficient claim-related contacts with Idaho to provide the court with specific personal jurisdiction over them.  *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020-25 (9th Cir. 2017) (discussing requirements for general and specific personal jurisdiction).

The district court properly dismissed Scoyni's claims against defendants Central Valley Fund L.P. II and III because Scoyni failed to allege facts sufficient to state a plausible claim.  *See Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (elements of a trademark infringement claim); *Verity v. USA Today*, 436 P.3d 653, 665 (Idaho 2019) (elements of a defamation claim); *Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (Idaho 2013) (elements of a breach of contract claim); *Galaxy Outdoor Advert. Inc. v. Idaho Transp. Dep't*, 710 P.2d 606 (Idaho 1985) (elements of a fraud claim).

The district court did not abuse its discretion by awarding attorney's fees

under Idaho Code § 12-120(3) because an alleged commercial relationship formed the basis of Scoyni's claims. *See Barnard v. Theobald*, 721 F.3d 1069, 1075 (9th Cir. 2013) (standard of review); *Bridge Tower Dental, P.A. v. Meridian Computer Ctr., Inc.*, 272 P.3d 541, 547 (Idaho 2012) ("A commercial transaction formed the gravamen of the lawsuit because the negligence claim arose out of the commercial transaction . . . ."). Moreover, the district court did not err by utilizing the lodestar method to determine whether the attorney's fees were reasonable. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("[C]ourts generally apply the lodestar method to determine what constitutes a reasonable attorney's fee." (alterations and internal quotation marks omitted)).

We reject as without merit Scoyni's contentions that the district court erred by requiring Scoyni's first amended complaint to comply with the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550, U.S. 544 (2007) or that the amended judgment was deficient.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-35011